J-S58029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES L. ANDREWS, | |
| Appellant | No. 337 WDA 2014 |

Appeal from the PCRA Order Entered January 27, 2014
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0001120-2006

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 23, 2014**

Appellant, James L. Andrews, appeals from the trial court's February 27, 2014 order denying as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In March of 2007, Appellant was convicted by a jury of aggravated indecent assault, indecent assault, and simple assault.  He was sentenced on July 25, 2007, to an aggregate term of five to ten years' incarceration. Appellant filed a direct appeal, but that appeal was ultimately discontinued by Appellant's counsel.

On July 18, 2008, Appellant filed a *pro se* PCRA petition seeking, *inter alia*, the restoration of his direct appeal rights *nunc pro tunc*.  The court

_____

[*] Retired Senior Judge assigned to the Superior Court.

granted that request and Appellant filed a *nunc pro tunc* direct appeal. After this Court affirmed, our Supreme Court denied Appellant's subsequent petition for allowance of appeal on February 8, 2011. ***Commonwealth v. Andrews***, 6 A.3d 566 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 822 (Pa. 2011). Accordingly, Appellant's judgment of sentence became final on May 9, 2011. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

On August 1, 2013, Appellant filed a *pro se* PCRA petition and counsel was appointed. Counsel filed an amended petition on Appellant's behalf, and the court conducted an evidentiary hearing. On January 27, 2014, the PCRA court issued an order denying Appellant's petition as untimely. Appellant filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Herein, Appellant raises two questions for our review:

> (a) [Did] [t]he exception(s) of 42 Pa.C.S. § 9545(b)(1)(ii)/(b)(2) apply to fulfill the timeliness requirements of the PCRA statute for the filing of [Appellant's] *pro se* PCRA petition[?]

(b) [Did] [p]rior PCRA counsel fail[] to pursue and/or preserve previously raised issue(s) involving ineffectiveness of the Lawrence County PA Public Defender Office as set forth in the Amended [first] PCRA petition (*i.e.*, failure to call character witness(es) to testify on behalf of the defense at trial) thereby constituting ineffectiveness since [Appellant] was previously unaware (until being informed by present counsel in connection with filing of the Amended [second] PCRA [p]etition) that these issue(s) were not fully pursued in prior PCRA proceeding(s)[?]

Appellant's Brief at 13.

We begin by noting that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Next, we must address the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes

final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545 applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on May 9, 2011, and thus, he had until May 9, 2012, to file a timely petition. Consequently, his August 1, 2013 petition is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that his petition meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). In Appellant's two issues, which are related, he

- 4 -

contends that his petition satisfies the after-discovered fact exception of section 9545(b)(1)(ii). Specifically, Appellant claims that his current attorney informed him of the "new fact" that his prior PCRA counsel (who represented Appellant in the disposition of his July 18, 2008 PCRA petition) acted ineffectively by not asserting a claim of trial counsel's ineffectiveness for failing to call character witnesses on Appellant's behalf. Appellant claims that he believed his prior PCRA counsel pursued this claim, and it was not until his present attorney was appointed that he discovered that prior counsel had not done so.

We need not delve further into the specifics of Appellant's argument because it is meritless on its face. Our Supreme Court has expressly stated that "[a] petitioner cannot establish the after-discovered evidence exception merely by alleging that possible ineffective assistance of counsel claims were unknown to the petitioner and could not have been discovered until after present counsel reviewed the petitioner's file." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 725-726 (Pa. 2003) (quoting *Commonwealth v. Howard*, 788 A.2d 351, 355 (Pa. 2002)); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("[S]ubsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for after-discovered evidence. In sum, a conclusion that previous counsel was ineffective is not the type of after-discovered evidence encompassed by the exception.").

Based on this precedent, which Appellant makes no attempt to distinguish, it is clear that Appellant's petition did not satisfy the timeliness exception set forth in section 9545(b)(1)(ii). Accordingly, the PCRA court did not err in denying his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014