J-S58009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUSTIN BERNARD BEGANDY, | |
| Appellant | No. 1306 WDA 2013 |

Appeal from the PCRA Order June 27, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0000271-2007

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED: OCTOBER 1, 2014**

Appellant, Justin Bernard Begandy, appeals *pro se* from the order of June 27, 2013, dismissing his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

On March 1, 2007, the Commonwealth charged Appellant with one count each of robbery, criminal attempt (kidnapping), aggravated assault, terroristic threats, possessing instruments of crime, simple assault, and recklessly endangering another person.[1]  The charges arose out of an incident on December 17, 2006, when Appellant confronted the victim at a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i) or (ii), 901(a), 2702(a)(4), 2706(a)(1), 907(a), 2701(a)(1), and 2705, respectively.

shopping mall, forced his way into her car and attacked her with a steak knife.[2]  (**See** N.T. Plea, 5/21/09, at 4).

On May 21, 2009, Appellant entered an open plea of *nolo contendere* to all charges, except the robbery charge.[3]  (**See id.** at 2).  In return for the plea, the Commonwealth withdrew the robbery charge and agreed not to seek a five year mandatory minimum sentence.  (**See id.**).  There was no other agreement as to sentence.  (**See id.**).

On August 12, 2009, following receipt of a pre-sentence investigation report, the court sentenced Appellant to an aggregate term of incarceration of not less twelve years four months nor more than forty years.  (**See** N.T. Sentencing, 8/12/09, at 8-9).  At that time, defense counsel noted that Appellant faced additional jail time because this conviction violated the conditions of previous probation or parole.  (**See id.** at 4).

After sentencing, on August 17, 2009, Appellant filed a *pro se* motion to rescind the *nolo contendere* plea.  The trial court denied the motion by

_____

[2] The victim managed to free herself and fled into the mall.  She had suffered a laceration to her finger as Appellant swung the knife at her.  He was apprehended shortly after by the police.  The victim positively identified Appellant as her assailant.  DNA analysis confirmed that blood on Appellant's trousers and shirt belonged to the victim.  (**See** N.T. Guilty Plea, 5/21/09, at 4-6).

[3] Defense counsel conceded that the evidence "would certainly have supported" a guilty plea, but entered a *nolo* plea based on Appellant's "mental health situation."  (N.T. Plea, 5/21/09, at 7).

order dated November 16, 2009, and docketed on November 19, 2009. Appellant did not file a direct appeal.

On April 4, 2013, Appellant filed the instant PCRA petition, *pro se*. The PCRA court appointed counsel who filed a **Turner**/**Finley**[4] "no merit" letter and petitioned the court for permission to withdraw from further representation. On May 29, 2013, the PCRA court granted counsel's request to withdraw and issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. **See** Pa.R.Crim.P. 907(1). Appellant filed a reply on June 17, 2013. On June 27, 2013, the PCRA court dismissed the petition.

Appellant subsequently filed a timely *pro se* notice of appeal. On August 21, 2013, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed a timely Rule 1925(b) statement on August 29, 2013. **See** Pa.R.A.P. 1925(b). On September 18, 2013, the PCRA court issued a statement in lieu of a Rule 1925(a) opinion. **See** Pa.R.A.P. 1925(a). The court subsequently filed a supplemental opinion, on January 6, 2014, explaining in pertinent part that the petition was untimely filed with no statutory exception to the time bar applicable. (**See** PCRA Court Opinion, 1/06/14, at 4-5).

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant raises two questions on appeal:

A. Did [the] trial judge have constitutional and statutory authority to sentence [Appellant] under [c]rimes [c]ode [s]tatute 18 Pa.C.S. § 2901(A)(1) which was withdrawn by the Commonwealth?

B. Is trial counsel's abandonment of [Appellant] for appeal purposes grounds for *nunc pro tunc* restoration of direct appeal rights?

(Appellant's Brief, at 4).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).  However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition."  ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his first PCRA petition on April 4, 2013.  The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  A judgment becomes final for PCRA purposes at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

Here, the court imposed sentence on August 12, 2009. Therefore, Appellant's judgment of sentence became final on September 11, 2009, after the thirty day period to file a direct appeal expired.[5]

Because Appellant did not file his petition until April 4, 2013, the petition is facially untimely. As already noted, Appellant concedes this. (*See* Appellant's Brief, at 7). Thus, to obtain PCRA relief, he must plead and prove that his claim falls under one of the statutory exceptions to the one-year time bar provided at section 9545(b). *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully pleads and proves that:

_____

[5] The PCRA court maintains that Appellant's judgment of sentence became final on December 16, 2009, thirty days after it denied his *pro se* post-sentence motion and he did not appeal to this Court. (*See* PCRA Court Opinion, 1/6/14, at 4); *see also* Pa.R.A.P. 903. However, *pro se* motions filed by appellants represented by counsel are legal nullities. *See* ***Commonwealth v. Figueroa***, 29 A.3d 1177, 1179 n.2 (Pa. Super. 2011). Here, it is not readily apparent from the record whether plea counsel was appointed or retained. We find no reference in the record granting permission for counsel to withdraw, although the sentencing court assumes that if Appellant wanted a lawyer to file motions (and he was unable to afford one) the court would appoint a lawyer at no charge. (*See* N.T. Sentencing, 8/12/09, at 10). In any event, Appellant's petition is untimely under either calculation. Appellant also concedes that his petition is facially untimely. (*See* Appellant's Brief, at 7).

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within 60 days of the date the claim could have been presented." **Id.** at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. **See, e.g.**, **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant first contends that his petition should be considered timely because he challenges the legality of his sentence and such a challenge is can never be waived. (**See** Appellant's Brief, at 7). In **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected Appellant's contention. The **Fahy** Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions

- 6 -

thereto." *Fahy*, *supra* at 223 (citation omitted). Appellant concedes that a claim of illegality must be brought within the PCRA time limits or one of the statutory exceptions. (*See* Appellant's Brief, at 7).

Appellant asserts that his illegality of sentence claim was timely because he did not become aware that his sentence was illegal until he received a copy of a "corrected" sentencing order in March 2013.[6] (*See* Appellant's Brief, at 9; *see also id.* at 9-10). Appellant claims that this constituted both governmental interference and newly discovered facts and thus his sentencing claims are timely under both § 9545(b)(1)(i) and (ii). (*See id.* at 9-14). We disagree.

> [W]here a petitioner alleges that a District Attorney's failure to produce documents amounts to governmental interference, then that petitioner must identify a specific claim that he was unable to discover or develop **due to the District Attorney's conduct.** *Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581, 588 (1999). Appellant, however, has failed to explain how the District Attorney's conduct hobbled his development or prevented his discovery of any particular claim. Thus, he has not established the existence of governmental interference such that this PCRA petition is excused from the timeliness requirements.

*Commonwealth v. Howard*, 788 A.2d 351, 355 (Pa. 2002).

_____

[6] For clarity and context, we note that Appellant's claims appear to derive from his perception that his sentence was "corrected," apparently to resolve a discrepancy between the charge presented as count 2 in the Information, criminal attempt (kidnapping) and the printed sentencing order, which identified the relevant charge as kidnapping.

Further, Appellant must plead and prove that the information could not have been discovered earlier with the exercise of due diligence. *See Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013), *cert. denied*, 134 S.Ct. 639 (2013). Here, Appellant has not pleaded facts which establish that he exercised due diligence in obtaining this information regarding his sentence. "Our Supreme Court has held for purposes of 42 Pa.C.S. § 9545(b)(1)(ii) information is not 'unknown' to a PCRA petitioner when the information was a matter of public record." *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citing *Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006)) (claim founded on arrest warrant in record of case was based on matter of public record that due diligence would have disclosed to appellant long before filing of PCRA petition).

Appellant concedes that trial courts have inherent common law authority to correct clerical errors. (*See* Appellant's Brief, at 14, (citing *Commonwealth v. Borrin*[, 80 A.3d 1219, 1227 (Pa. 2013)]). He fails to demonstrate why the correction of his sentence exceeds that authority.

Notably, Appellant does not establish that the apparent correction changed the length of his sentence, exceeded the statutory maximum or otherwise constituted an illegal sentence. He merely contends that there was **no** clear clerical error in his original sentence order, and therefore the corrected sentence must be vacated. (*See* Appellant's Brief, at 17).

Appellant also maintains that the trial court "violated the sep[a]ration of powers doctrine." (**Id.**).  His argument is without merit, and fails to prove an exception to the time bar.[7]  Thus, Appellant has not shown that his sentencing claim is timely under any of the exceptions provided in § 9545(b)(1)(i)-(iii).  His first claim merits no relief.

In his second claim, Appellant asserts that he received ineffective assistance of counsel because counsel did not file a direct appeal.  He claims counsel abandoned him, entitling him to *nunc pro tunc* restoration of his direct appeal rights.  (**See** Appellant's Brief, at 21-25).

Preliminarily, Appellant does not present an exception to the time-bar by claiming ineffective assistance of counsel.  **See Commonwealth v. Davis**, 816 A.2d 1129, 1135 (Pa. Super. 2003), *appeal denied*, 839 A.2d 351 (Pa. 2003)  ("[A]ttempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts.") (citations omitted).

_____

[7] Moreover, we observe that Appellant was present at sentencing.  (**See** N.T. Sentencing, 8/12/09, at 2).  However, he did not seek clarification of his sentence and copies of the sentencing order and related documents until February 26, 2012, over two years later.  (**See** Appellant's Brief, at 8). Appellant fails to provide any explanation for this delay.  Accordingly, Appellant has not shown that he exercised due diligence in obtaining the information regarding his allegedly illegal sentence.

Furthermore, Appellant has not invoked any of the three statutory exceptions with respect to his ineffective assistance of counsel claim. Thus, the claim is untimely, without a statutory exception to the time bar pleaded or proven.

Moreover, Appellant does not assert that he requested a direct appeal. (*See* Appellant's Brief, at 21-25). Nor does he explain, after entering his *nolo* plea, on what basis he could have. He cites no pertinent authority, other than cases for general principles. Instead, he baldly asserts that plea counsel gave him erroneous advice on his eligibility for "second strike" sentencing. (*See id.* at 23). Appellant's second claim fails to establish an exception to the time-bar.

The record supports the PCRA court's finding that Appellant's PCRA petition is untimely with none of the statutory exceptions to the time bar proven.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2014