J. S03015/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                  v.               :
                                          :
SINORN DIP,                        :         No. 789 EDA 2015
                                          :
             Appellant       :

Appeal from the PCRA Order, March 17, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1204602-2004

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MARCH 09, 2016**

Sinorn Dip appeals from the order of March 17, 2015, dismissing his second PCRA petition without an evidentiary hearing.  Appellant sought to invoke the after-discovered evidence exception to the one-year time bar, relying on an affidavit from a key Commonwealth witness, Marcus Harris ("Marcus"), recanting his trial testimony.  After careful review, we affirm.

On direct appeal, this court summarized the underlying facts of this matter as follows:

> The evidence adduced at trial established that in August 2004, Dip, his co-defendant St. John Pen ("Pen"), and several of their friends went to confront 13-year-old Marquis Harris ("Harris") at Harris's home because Pen suspected that Harris, his twin brother Marcus, and their 15-year-old stepbrother, Terrell Lovelace, Jr., had broken into his car and stolen his car radio.  Harris's mother answered the door.  Pen stated his accusations and indicated that

he wanted to fight her sons. She said there would be no violence over the incident and told Pen that her husband would go to his house to resolve the situation. Harris's stepfather, Terrell Lovelace ("Lovelace"), went to Pen's house and asked for an estimate for the broken window and stolen radio, telling Pen that he would pay him for his loss. No estimate was ever given to Lovelace and Lovelace did not pay Pen any money.

On September 25, 2004, Pen's girlfriend's car was broken into, and Pen assumed that it was Harris and his brothers who were responsible. Pen, Dip and an unidentified third male went to confront Harris, his brother, and three of their friends outside of a local Chinese restaurant. Brandishing handguns, Dip and Pen ordered the boys to get on the ground. When they refused to do so, Pen, Dip and the unidentified third assailant opened fire on the boys as they ran away. Wayne Jones ("Jones") and Jermaine Myers ("Myers"), two of Harris's friends, were shot in the arm and back, respectively, while Harris was shot twice in the leg, falling to the ground. Pen stood over Harris and shot him in the head at close range. Harris died shortly thereafter. Pen and Dip were arrested, whereas the third assailant was never apprehended or identified. Pen gave two statements to police while in their custody, implicating him and Dip in the events described above.

*Commonwealth v. Dip*, No. 198 EDA 2007, unpublished memorandum at *1-3 (Pa.Super. filed November 24, 2008).

On October 5, 2006, following a jury trial, appellant was convicted of third-degree murder, 18 Pa.C.S.A. § 2502(c), and two counts of aggravated assault, 18 Pa.C.S.A. § 2702. He was found not guilty of the remaining charges including two counts of attempted murder, criminal conspiracy, possessing instruments of crime, and firearms charges. *Id.* at *3.

Appellant was sentenced to an aggregate of 15 to 30 years' imprisonment. *Id.* On November 24, 2008, this court affirmed the judgment of sentence.

On July 29, 2009, appellant filed a timely PCRA petition, and counsel was appointed. Appellant amended and/or supplemented his petition on three occasions. On December 13, 2011, his petition was dismissed without an evidentiary hearing. Appellant filed a timely appeal, raising three claims of trial counsel ineffectiveness. This court affirmed on December 28, 2012; and on June 27, 2013, the Pennsylvania Supreme Court denied appellant's petition for allowance of appeal. Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

Appellant filed the instant petition, his second, on September 11, 2013, followed by an amended petition on May 24, 2014. Appellant alleged that Marcus desired to recant his trial testimony and signed an affidavit to that effect dated November 11, 2013. On March 17, 2015, appellant's petition was dismissed without a hearing, and this timely appeal followed. Appellant has complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the PCRA court has filed a Rule 1925(a) opinion.

Appellant has raised the following issue for this court's review:

> 1. Did the PCRA Court err in dismissing Appellant's second PCRA Petition without a hearing and determining that Appellant's underlying second PCRA Petition was not timely filed despite the fact that according to 42 Pa. C.S. §9545(b)(1)(iii) and 42 Pa. C.S. §9545(b)(2), Appellant's PCRA Petition was

>     timely filed because of newly-discovered evidence?

Appellant's brief at 4 (footnote omitted).

"Our standard of review in reviewing an order either granting or denying post-conviction relief is limited to examining whether the court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Albrecht*, 720 A.2d 693, 698 n.3 (Pa. 1998) (citation omitted).

> In 1995, the legislature amended the PCRA to require that PCRA petitions must be filed within a certain period of time. These amendments require that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). These timeliness requirements are jurisdictional. *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 222 (1999). '[A] court has no authority to extend filing periods except as the statute permits.' *Id.* (citation omitted).

*Commonwealth v. Howard*, 788 A.2d 351, 353 (Pa. 2002).

This court affirmed appellant's judgment of sentence on November 24, 2008. Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court. Therefore, appellant's judgment became final on or about December 24, 2008, after the time for filing a petition for allowance of appeal expired. Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 5571(a). Appellant had

until December 24, 2009, one year later, to file a timely PCRA petition. Since this petition, his second, was filed nearly five years after the date on which appellant's judgment became final, then it was obviously filed beyond the one-year time limitation.

> [T]he 1995 amendments afford three narrow exceptions to the one-year time limitation for seeking PCRA relief. One of the exceptions provides that a party is excused from the general one-year filing requirement of the PCRA if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). This exception has come to be known as the after-discovered evidence exception. *See Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 592 (1999) (characterizing 42 Pa.C.S.A. § 9545(b)(ii) as "the after-discovered evidence exception to the timeliness requirement"); *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 643 (1998) (stating that "the exceptions to [PCRA] filing period encompass government misconduct, after-discovered evidence, and constitutional changes"). Furthermore, as a secondary proviso, the amendments mandate that when a petitioner alleges entitlement to an exception to the one-year time limitation, the petition will only be addressed on substantive grounds if it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Thus, a petitioner relying on the after-discovered evidence exception is further required to file his or her PCRA petition within 60 days of the discovery of the new evidence proffered in support of relief.

*Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned

> those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa.Super.2001). A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); ***Commonwealth v. Yarris***, 557 Pa. 12, 29, 731 A.2d 581, 590 (1999). This rule is strictly enforced. ***See*** [***Commonwealth v. Vega***, 754 A.2d 714, 718 (Pa.Super.2000)].

***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa.Super. 2010), ***appeal denied***, 20 A.3d 1210 (Pa. 2011).

> The sixty (60) day time limit related to Section 9545(b)(2) runs from the date the petitioner first learned of the alleged after-discovered facts. ***Commonwealth v. Albrecht***, 606 Pa. 64, 994 A.2d 1091 (2010). A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter. ***Id.*** (holding petitioner failed to demonstrate his PCRA petition was timely where he did not explain when he first **learned** of facts underlying his PCRA petition) (emphasis added). "A petitioner fails to satisfy the 60-day requirement of Section 9545(b) if he . . . fails to explain why, with the exercise of due diligence, the claim could not have been **filed** earlier." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis added). All of the time limits set forth in the PCRA are jurisdictional and must be strictly construed. ***Commonwealth v. Fahy***, 598 Pa. 584, 589, 959 A.2d 312, 315 (2008).

***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa.Super. 2011), ***appeal denied***, 50 A.3d 121 (Pa. 2012).

In his petition, appellant alleged that he learned from prior PCRA counsel, John P. Cotter, Esq., on or about August 8, 2013, that Marcus recanted his trial testimony and he then filed his petition on September 11, 2013, within 60 days. Appellant stated that, "There is no way that Petitioner could have known Marcus Harris' current position sooner because Mr. Harris testified against Petitioner at trial." (Amended PCRA petition, 5/24/14 at 6; Docket #41.) Appellant attaches an affidavit dated November 11, 2013, in which Marcus disavows his trial testimony and states that he lied when he testified that he saw appellant shoot his twin brother. (*Id.*, Exhibit A.) Marcus alleges that he was "young and scared" and his statements were coerced. (*Id.*)

However, appellant also attaches an August 2, 2011 letter from Attorney Cotter to Richard W. Strohm, a private investigator, stating, in part, that "[Appellant] claims that he is innocent and that Marcus Harris . . . who testified for the Commonwealth at trial wants to recant his testimony of 9-25-06," and asking Mr. Strohm to interview Marcus. (*Id.*, Exhibit B.) Appellant also attaches an October 24, 2011 letter from Attorney Cotter to Marcus stating, in part, "I have information which leads me to believe that you wish to recant your testimony in the case which means that what you told the jury on 9-25-06 was not correct or not truthful." (*Id.*) Therefore, the record indicates that appellant had information as early as 2011 that Marcus desired to recant his testimony.

In fact, appellant fails to plead the exact date on which he allegedly became aware that Marcus wanted to recant. Appellant uses the date of August 8, 2013, when Attorney Cotter forwarded a letter from Marcus dated August 5, 2013 indicating that he wanted to recant and requesting of Attorney Cotter, "So if you [are] still representing this defendant, could you write me back as soon as possible and let me know what I have to do about recanting my statement[,] thank you!!!" (**Id.**) However, by his own admission, appellant knew in 2011 that Marcus wanted to recant. Attorney Cotter's August 2, 2011 letter to Mr. Strohm indicates that appellant had information to the effect that Marcus wanted to recant his trial testimony. Appellant fails to explain when or how he obtained this information. The operative date is not August 5, 2013, when Marcus wrote to Attorney Cotter, or November 11, 2013, the date of Marcus's affidavit; rather, the key date is when appellant first knew, or with the exercise of reasonable diligence should have known, of this new evidence. Appellant has failed to plead and prove the applicability of the after-discovered evidence exception to the one-year time bar; specifically, that he filed his petition within 60 days.

Appellant also argues that his petition is timely because his first petition was still pending in 2011 when he first heard of Marcus' desire to recant. (Appellant's brief at 17.) Appellant argues that he could not raise the issue in a second petition while the first petition was being litigated.

(*Id.*)  According to appellant, dismissal of appellant's first petition did not become final until September 27, 2013, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired.  (*Id.* at 18.)

> A second appeal cannot be taken when another proceeding of the same type is already pending. *See* C.J.S. Appeal and Error § 20 ("As a general rule a second proceeding to obtain a review by an appellate court cannot be taken while a prior valid proceeding for such purpose is still pending, and if it is attempted, the second proceeding will be dismissed, unless it has been validated by the abandonment of the first proceeding, or the first proceeding is so defective and ineffectual that it cannot properly be regarded as pending.") (footnotes omitted).
>
> We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.[Footnote 2]  If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies.  The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).
>
> > [Footnote 2] We note that this holding will not preclude a trial court from granting leave to amend a PCRA petition that is currently pending before that court.

*Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).  Further, the PCRA court does not have jurisdiction to adjudicate any issues raised in a subsequent PCRA while an appeal is pending.  *Id.*

From our review of the record, appellant failed to raise this argument until his brief on appeal.  Appellant did not raise it in his *pro se* PCRA petition, his counselled amended petition, his response to Rule 907 notice, or in his Rule 1925(b) statement.  In the court below, appellant argued that the instant petition was filed within 60 days of August 8, 2013, when he learned from Attorney Cotter that Marcus wanted to recant his eyewitness testimony.  Appellant never argued that his second petition was timely because it was filed within 60 days of his first petition being finally resolved.  As this argument is being raised for the first time on appeal, it is deemed waived.  Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) (issues not included in the Rule 1925(b) statement are waived).

Furthermore, the argument would be unavailing where, as discussed *supra*, appellant fails to plead when he first became aware that Marcus wanted to recant.  He obviously knew at least as early as late July/early August 2011, when Attorney Cotter sought the assistance of a private investigator to interview Marcus.  How much earlier is speculation.  His first petition was filed on July 29, 2009, and dismissed on December 13, 2011.

At a minimum, appellant could have sought leave to amend his petition to include a claim of after-discovered evidence in the form of recantation testimony.

Appellant has failed to show that his untimely petition satisfies the after-discovered evidence exception to the statutory one-year time bar. Therefore, the PCRA court was without jurisdiction to consider the merits of appellant's petition and did not err in dismissing appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016