788 A.2d 351

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Melvin HOWARD, Appellant.**

Supreme Court of Pennsylvania.

Submitted Aug. 27, 2001.

Decided Jan. 22, 2002.

482

Anne L. Saunders, Jerome Nickerson, for Melvin K. Howard.

Catherine Marshall, Philadelphia, Robert A. Graci, Harrisburg, for Commonwealth of Pa.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## *OPINION*

CAPPY, Justice:

Melvin Howard ("Appellant") appeals from the dismissal of his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* For the reasons that follow, we affirm.[1]

In the early morning hours of September 27, 1987, Appellant was involved in an altercation with two men, one of whom was Clarence Woodlock ("the decedent"). This altercation culminated in Appellant stabbing the decedent to death. Appellant was tried and convicted of first degree murder for this crime. At the close of the penalty phase, the jury found one aggravating circumstance [2] and no mitigating circumstances; it thus fixed Appellant's penalty for this murder at death. We affirmed on appeal. *Commonwealth v. Howard,* 538 Pa. 86, 645 A.2d 1300 (1994) (*"Howard I "*).

On May 11, 1995, appellant filed his first PCRA petition. The PCRA court denied Appellant relief. This court affirmed on appeal. *Commonwealth v. Howard,* 553 Pa. 266, 719 A.2d 233 (1998) (*"Howard II "*).

Appellant filed the instant PCRA petition on July 19, 1999. The PCRA court determined that the PCRA petition was untimely pursuant to 42 Pa.C.S. § 9545(b). It also found that none of the exceptions to the timeliness requirements of § 9545(b) were applicable to this matter. Thus, the PCRA

1. Where post-conviction relief has been denied in a death-penalty case, the matter is directly reviewable by this court. 42 Pa.C.S. § 9546(d).

2. The jury found that Appellant had a significant history of prior felony convictions involving the use or threat of violence to the person. 42 Pa.C.S. § 9711(d)(9).

court determined that it lacked jurisdiction over this petition and dismissed it. Appellant has now appealed to this court.

Appellant raises more than a dozen substantive issues in his brief to this court.[3] Yet, before we may address any of these issues, we must first determine whether Appellant timely filed this PCRA petition.

██ In 1995, the legislature amended the PCRA to require that PCRA petitions must be filed within a certain period of

**3.** Appellant's substantive claims are as follows:

1. The prosecution exercised its peremptory challenges in a discriminatory manner in violation of Appellant's state and federal constitutional rights.

2. Appellant was denied his right to effective assistance of counsel during jury selection and his rights to due process and an impartial capital sentencing jury.

3. Trial counsel was ineffective for failing to investigate, develop, and present background and mental health evidence that would have been highly exculpatory at the guilt/innocence phase.

4. Trial counsel rendered ineffective assistance at trial.

5. Appellant is entitled to a new trial and sentencing because improper victim impact evidence was admitted at trial in violation of Appellant's state and federal constitutional rights.

6. Appellant's death sentence must be vacated because the prosecutor engaged in repeated and consistent acts of prosecutorial misconduct, all of which denied Appellant his state and federal constitutional rights.

7. Trial counsel failed to investigate or present evidence of Appellant's childhood abuse, dysfunctional upbringing, organic brain impairments, and related mental health illness during the penalty hearing in violation of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

8. The trial court failed to properly instruct the jury on the nature and use of aggravating and mitigating factors, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

9. The trial court's failure to instruct the jury on life without possibility of parole violated Appellant's constitutional rights.

10. Appellant's conviction and death sentence were the product of racial discrimination in violation of federal and state constitutional and statutory law.

11. Appellant's death sentence must be vacated because the "proportionality review" performed by this court violated his right to due process and denied him the meaningful appellate review mandated by the United States and Pennsylvania Constitutions.

12. All prior counsel were ineffective.

13. Appellant is entitled to relief because of the cumulative effect of the errors described in his brief.

time. These amendments require that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). These timeliness requirements are jurisdictional. *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 222 (1999). "[A] court has no authority to extend filing periods except as the statute permits." *Id.* (citation omitted).

Appellant's judgment became final in November of 1994 after the time for filing a petition for writ of certiorari with the United States Supreme Court had expired.[4] Since this petition was filed more than four years after the date on which Appellant's judgment became final, then it was obviously filed beyond the one-year time limitation.

There are, however, several exceptions to this one-year time limitation. One such exception decrees that if a petitioner's judgment became final prior to the effective date of the amendments to 42 Pa.C.S. § 9545(b), then that petitioner's first petition will be deemed timely if it is filed within one year of the effective date of the amendments.[5] The effective date of the amendments was January 16, 1996. While Appellant's judgment became final prior to the effective date, this is Appellant's second PCRA petition. Thus, it does not qualify for this exception to the timeliness requirement.

The amendments contain three other exceptions to the one-year limitation. A petition that would otherwise be deemed untimely may nonetheless be reviewed if petitioner alleges and proves that

**4.** Appellant had 90 days from the date of this court's decision on direct appeal to file a petition for a writ of certiorari with the United States Supreme Court. United States Supreme Court Rule 13.

**5.** Section 3(1) of the Act of Nov. 17, 1995 (Spec.Sess. No. 1) P.L. 1118, No. 32, found as a note to 42 Pa.C.S. §§ 9542, 9543, 9545 and 9546.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, a petitioner seeking to establish that he qualifies for one of these exceptions to the timeliness requirements must file his petition within 60 days of the date that the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant contends that his PCRA petition qualifies for two of these exceptions to the timeliness requirements. First, he asserts that governmental officials interfered with the preparation of his appeals. Appellant contends that there were two separate instances of governmental interference. He initially focuses on the first PCRA court's denial of his request for funds to hire a private investigator to gather data regarding Appellant's childhood in Georgia. Essentially, Appellant is claiming that the first PCRA court's failure to disburse these funds hampered Appellant's efforts to develop a claim that prior counsel was ineffective for failing to raise mental health claims.

This claim must be rejected. This court previously determined that the first PCRA court did not err when it denied Appellant's request for additional funds to hire a private investigator. *Howard II*, 719 A.2d at 242. We do not see how a proper court order can, in any fashion, be perceived as governmental interference.

■ Next, Appellant claims that there was governmental interference in this matter when the District Attorney's office did not divulge evidence to Appellant's present counsel. Appellant alleges that when present counsel received Appellant's file from Appellant's former counsel in May of 1999, Appellant discovered that the file did not contain police reports or trial discovery. At that juncture, Appellant attempted to obtain the missing documents from the District Attorney. Appellant alleges that the District Attorney did not turn over the requested documents until November of 1999. He baldly asserts that without these documents, he was unable to properly investigate and ascertain what claims he had available; thus, he concludes, the District Attorney's interference prevented Appellant from being able to identify and litigate claims.

This claim must also be rejected. We have previously stated that where a petitioner alleges that a District Attorney's failure to produce documents amounts to governmental interference, then that petitioner must identify a specific claim that he was unable to discover or develop due to the District Attorney's conduct. *Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581, 588 (1999). Appellant, however, has failed to explain how the District Attorney's conduct hobbled his development or prevented his discovery of any particular claim. Thus, he has not established the existence of governmental interference such that this PCRA petition is excused from the timeliness requirements.

■ Appellant also claims that the facts upon which his claims were predicated were unknown to him and could not have been discovered by the exercise of due diligence. Thus, he contends that he qualifies for the after-discovered evidence exception to the timeliness requirements. *See* 42 Pa.C.S. § 9545(b)(1)(ii). In support of this claim, Appellant alleges that until his present counsel received his file and also had time to review that file, he could not have discovered the facts and circumstances that would establish ineffective assistance of counsel claims.

This argument fails. We have stated that "attempt[s] to interweave concepts of ineffective assistance of counsel and after-discovered evidence as a means of establishing jurisdiction [are] unconvincing." *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 753 A.2d 780, 785 (2000). A petitioner cannot establish the after-discovered evidence exception merely by alleging that possible ineffective assistance of counsel claims were unknown to the petitioner and could not have been discovered until after present counsel reviewed the petitioner's file. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 916–917 (2000).

■ Appellant anticipates that we would reject this argument. He counters that if this court failed to adopt his position, potentially meritorious ineffectiveness claims will essentially be insulated from review. Appellant asserts that such a situation should not be countenanced. Rather, it is his opinion that whenever new counsel believes he has uncovered a colorable claim of ineffectiveness on the part of prior counsel, then such a claim should be reviewed, regardless of how many previous collateral attacks have been litigated and how many years have elapsed since the petitioner's judgment has become final.

We have previously addressed and rejected this self-same argument. We stated that were we to accept this theory,

> any subsequent counsel's determination that prior counsel was ineffective would provide a newly discovered "fact" not previously available to a petitioner.... In this scenario, a petitioner would be able to circumvent the one-year time limitation each time another attorney presented a new theory of ineffectiveness of previous counsel.

*Gamboa–Taylor*, 753 A.2d at 787. The timeliness requirements crafted by the legislature would thus effectively be eviscerated by any petitioner who was willing to file serial PCRA petitions alleging ineffective assistance of counsel. As we did not find such an interpretation as being consonant with the timeliness requirements, we rejected it. *Id.* at 787–88. We see no reason to retreat from this holding.

Finally, Appellant contends that even if he does not qualify for one of the statutory exceptions to the timeliness requirements, this court should nonetheless consider his petition. He argues that his case contains constitutional errors of such magnitude that it would be a miscarriage of justice for this court to refuse to consider this petition.

This claim must be rejected. The timeliness requirements of the PCRA do not vary based "on the nature of the constitutional violations alleged therein.... To the contrary, ... the PCRA's timeliness requirements ... are intended to apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 202–03 (2000). Because the "PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Id.* at 203.

For the foregoing reasons, we find that Appellant's second PCRA petition was untimely filed, and therefore affirm the order of the PCRA court.