J-S53044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE LUIS SANTOS, | : | |
| | : | |
| Appellant | : | No. 58 MDA 2015 |

Appeal from the PCRA Order entered on December 4, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0002087-1999

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 19, 2015**

Jose Luis Santos ("Santos"), *pro se*, appeals from the Order dismissing his fourth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.[1]

The PCRA court set forth the relevant factual and procedural history in its Opinion, which we incorporate herein for purposes of this appeal.  ***See*** PCRA Court Opinion, 10/27/14, at 1-3 (unnumbered).  On October 27, 2014, the PCRA court issued Notice of its intent to dismiss Santos's Petition,[2] along with an Opinion.  Santos did not respond to the Notice, and on December 4, 2014, the PCRA court entered an Order dismissing the instant Petition. Thereafter, Santos filed a timely Notice of Appeal and a court-ordered

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] ***See*** Pa.R.Crim.P. 907.

Concise Statement of Errors Complained of on Appeal, pursuant to Pa.R.A.P.

1925(b).

On appeal, Santos raises the following issues for our review:

I. Did the PCRA court fail to recognize [Santos's] pleadings[] as being timely filed pursuant to an exception to the time bar as established within the due process clauses of 42 Pa.C.S.A. § 9545(b)(1)(i-iii)?

II. Did the PCRA court commit reversible error when it failed to recognize that [Santos's] conviction and sentence are currently recognized as being a miscarriage of justice due to the existence of exculpatory (DNA) evidence[,] which conclusively determines that [Santos] was not the perpetrator of the crime[s] charged, and further establishes his complete innocence within the matter?

III. Did the PCRA court commit reversible error when [it] failed to recognize that the Commonwealth purposefully and maliciously withheld exculpatory (DNA) evidence at trial[,] in violation of the disclosure requirement, and the further rules of court, and being further recognized as a knowing "**Brady**[3] violation,"[] that if this evidence was revealed to the jury, [it] would have significantly changed the outcome of the verdict within the criminal matter?

IV. [Were the] court[-]appointed PCRA counsel *per se* ineffective in their representation[,] when they purposefully amended [Santos's] *pro se* PCRA pleadings[,] and neglected to incorporate and present the evidence of the [prosecutor's] deliberate withholding and subsequent cover-up of his purposeful actions in an ongoing effort to maliciously prosecute, and further maintain the unlawful conviction of [Santos,] knowing that he was completely innocent of the allegation?

Brief for Appellant at 4-5 (capitalization omitted, footnote added).

---

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

In his first issue, Santos concedes that his Petition is untimely, but contends that an exception to the PCRA's time bar applies based on his post-trial discovery of exculpatory DNA evidence. *Id*. at 18, 20-21. Santos asserts that the Commonwealth purposely withheld the exculpatory DNA evidence at the time of trial. *Id*. at 21.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

The PCRA court addressed Santos's first claim, set forth the relevant law, and concluded that the claim lacks merit. *See* PCRA Court Opinion, 10/27/04, at 3-5 (unnumbered). We agree with the sound reasoning of the PCRA court and affirm on this basis as to Santos's first issue. *See id*.

Because of our disposition as to Santos's first claim, we need not address Santo's second and third claims, which pertain to the same DNA evidence. *See id*.

In his final issue, Santos contends that his court-appointed PCRA counsel, for his second and third PCRA Petitions, rendered ineffective assistance. Brief for Appellant at 35-36.

The PCRA court addressed Santos's ineffectiveness claim, set forth the relevant law, and concluded that the claim lacks merit. *See* PCRA Court

- 3 -

Opinion, 10/27/04, at 5.  We agree with the sound reasoning of the PCRA

court and affirm on this basis as to this issue.  ***See id***.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2015

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS

                              :   DAUPHIN COUNTY, PENNSYLVANIA

             v.                  :

                              :   NO. 2087 CR 1999

JOSE LUIS SANTOS,             :

          Defendant        :   PCRA

# MEMORANDUM OPINION

Presently before this Court is Defendant Jose Luis Santos (hereinafter "Petitioner" or "Defendant") Petition for Relief pursuant to the Post Conviction Collateral Relief Act ("PCRA").

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was tried before a jury on November 14, 2000, and found guilty of Rape[1], Statutory Sexual Assault[2], Endangering the Welfare of Children[3], and Corruption of Minors[4] on November 17, 2000. Defendant was sentenced on March 29, 2001, to an aggregate incarceration term of twelve and one-half (12½) to twenty-five (25) years and was determined to be a Sexually Violent Predator for purposes of Pennsylvania's "Megan's Law.[5]" Defendant was represented by Michael Duda, Esquire at trial and sentencing. Elizabeth Hoffman, Esquire, filed a direct appeal on Defendant's behalf; the judgment was affirmed by the Superior Court on December 9, 2002[6]. Defendant filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on July 17, 2002, which was subsequently denied on November 13, 2002[7].

---

[1] 18 Pa.C.S.A. § 3121
[2] 18 Pa.C.S.A. § 3122.1
[3] 18 Pa.C.S.A. § 4304
[4] 18 Pa.C.S.A. § 6301
[5] 42 Pa.C.S.A. § 9791 et seq.
[6] 926 MDA 2001
[7] 554 MAL 2002

28-5

On April 2, 2003, Defendant filed his first *pro se* PCRA Petition. William Shreve, Esquire, was appointed by the Court as PCRA counsel. An evidentiary hearing was held on October 2, 2003. On October 13, 2003, counsel filed a Motion to Withdraw Pursuant to the Post Conviction Relief Act. Defendant filed a *pro se* Motion for Post Conviction DNA Testing on July 23, 2004. On December 30, 2004, Defendant's PCRA petition and Motion for Post Conviction DNA Testing were denied. Defendant filed an appeal to Superior Court of the December 30, 2004 ruling[8]. The Superior Court affirmed the ruling on April 19, 2006.

Defendant filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Pennsylvania on September 16, 2006. On November 8, 2006, the case was transferred to the Middle District Court, where the conviction occurred. The Middle District denied the Writ on December 15, 2008.

On March 3, 2010, Defendant filed his second *pro se* PCRA petition. Jennifer Tobias, Esquire was appointed by the Court as PCRA counsel. Defendant filed a Motion for Performance of Forensic DNA Testing under the PCRA, which was subsequently denied on June 29, 2010. Defendant filed an appeal to Superior Court on the denial of his motion for DNA testing[9]. The Superior Court affirmed the denial on April 8, 2011. Defendant filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on May 10, 2011,[10] which was subsequently denied.

On May 14, 2012, Defendant filed his third *pro se* PCRA petition. Shane B. Kope, Esquire, was appointed by the Court as PCRA counsel. Judge Clark dismissed the third PCRA petition on June 27, 2013.

---

[8] 608 MDA 2005
[9] 1233 MDA 2010
[10] 361 MAL 2011

On June 30, 2014, Defendant filed his fourth *pro se* PCRA petition. In Defendant's PCRA petition, he claimed the Commonwealth perpetrated a knowing fraud upon the judiciary, through the withholding of exculpatory evidence; the PCRA court improperly dismissed the previously filed petition of the Defendant when two clear exceptions to the time-bar were properly founded; and court appointed PCRA counsel was ineffective for failing to protect and establish the Defendant's arguments of knowing fraud and blatant violations of due process.

## DISCUSSION

Upon review of the record it appears that Petitioner is not entitled to post conviction relief because his petition is untimely. A PCRA petition must be filed within one year from the date a judgment becomes final[11]. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."[12] In the instant matter, as direct appeal was taken, Petitioner's judgment of sentence became final on February 13, 2003, after ninety (90) days for review by the Supreme Court of the United States passed from November 13, 2002, when the Supreme Court of Pennsylvania denied allowance of appeal. Unless a statutorily provided exception to the time bar is established, Petitioner's PCRA Petition is untimely.

There are three exceptions to the timely filing requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3)

---

[11] 42 Pa.C.S.A. § 9545(b)(1).
[12] 42 Pa.C.S.A. § 9545(b)(3).

an after-recognized constitutional right[13]. If Petitioner can prove one of these exceptions are met, and the claims are presented within sixty (60) days of when the exception is discovered, then the PCRA Petition would be considered timely.

Petitioner claims an exception to the time requirement based on interference by government officials. However, Petitioner does not claim that any of his discoveries were made within sixty (60) days of filing to invoke the use of a timeliness exception. Petitioner claims that the Commonwealth had in its possession direct exculpatory evidence that was purposely withheld from the trial court. Petitioner does not cite to any case precedent to support his claim. Rather, he states that DNA results were specifically withheld and not presented to the jury at trial.

This issue has been raised and disposed of numerous times in prior proceedings. It was first raised in a motion for post conviction DNA testing in 2004. The trail court denied the motion and Petitioner appealed the denial to Superior Court, who subsequently affirmed the denial. This issue was again raised in 2010 in Petitioner's motion for performance of forensic DNA testing under the PCRA. The trial court again denied the motion and Petitioner again appealed the denial to Superior Court, who subsequently affirmed the denial.

In the 2010 opinion and order, the Court determined that Petitioner did not meet the criteria necessary to allow for his motion for Performance of Forensic DNA Testing under the Post-Conviction Relief Act, thus his motion and PCRA was denied. The Court notes that the technology for testing did exist, the verdict was rendered in 2000, and there was no mention or evidence that funding was either sought or denied in relation to DNA testing. Not only was the evidence obtainable at trial, but the testing of the hair in

---

[13] 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

question would be "merely cumulative."[14] This cumulative result is evidenced by the fact that seven DNA tests were performed on five pieces of evidence.

Petitioner also claims ineffective assistance of counsel for failing to address the issue of withholding potential exculpatory evidence that was known to have already been tested. The claim of ineffective assistance of counsel is barred by the time restraint and does not fall within any exception. "A petitioner cannot establish the after-discovered evidence exception merely by alleging that possible ineffective assistance of counsel claims were unknown to the petitioner and could not have been discovered until after present counsel reviewed the petitioner's file[15]." As twelve (12) years has passed since Petitioner's judgment has become final and no exceptions to the timeliness requirement are applicable, Petitioner's fourth PCRA petition is deemed untimely.

Accordingly we enter the following:

---

[14] Commonwealth v. Reese, 444 Pa. Super. 38, 41 (Pa. Super. 1995).
[15] Commonwealth v. Howard, 567 Pa. 481, 788 A.2d 351, 355 (2002).