J-S32035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILBERT GAY, JR., | |
| Appellant | No. 2654 EDA 2015 |

Appeal from the PCRA Order August 17, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0804412-1976

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED MAY 10, 2016**

Appellant, Wilbert Gay, Jr., appeals *pro se* from the dismissal of his eighth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following facts and procedural background from the PCRA court's September 2, 2015 opinion and our independent review of the certified record.  In 1978, at the conclusion of Appellant's bench trial, the trial court convicted him of murder of the first degree, and related charges.  The charges arose from his July 26, 1976 murder of a male victim underneath the Walt Whitman Bridge in Philadelphia.  The court sentenced Appellant to life in prison.  On January 27, 1981, the Pennsylvania Supreme

_____

* Retired Senior Judge assigned to the Superior Court.

Court affirmed Appellant's judgment of sentence. (**See Commonwealth v. Gay**, 424 A.2d 495 (Pa. 1981)).

On December 15, 1982, Appellant filed his first petition for post-conviction relief *pro se*. The court appointed counsel who, after "an exhaustive review" of the record in Appellant's case, informed the court that his issues did not merit relief. (**Commonwealth v. Gay**, No. 1675 PHL 1984, unpublished memorandum, at *2 (Pa. Super. filed Mar. 15, 1985)). The court dismissed the petition on May 9, 1984. Appellant appealed to this Court, which affirmed the court's order, and granted counsel's petition to withdraw pursuant to **Anders**.[1] (**See id.** at *3).

Thereafter, Appellant filed a series of *pro se* PCRA petitions between December 30, 1986, and February 13, 2012, the last of which was denied as untimely on June 25, 2012. A panel of this Court affirmed the PCRA court's decision on December 19, 2012. (**See Commonwealth v. Gay**, 64 A.3d 27 (Pa. Super. 2012) (unpublished memorandum)).

Appellant filed the current *pro se* petition, his eighth, on June 21, 2013. On April 13, 2015, Appellant filed a *pro se* amended petition without leave of court. The court provided Appellant notice of its intention to dismiss

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

the petition without a hearing on July 20, 2015. **See** Pa.R.Crim.P. 907(1).

It formally did so on August 17, 2015. Appellant timely appealed.[2]

Appellant raises one issue that he presents as two questions. (**See** Appellant's Brief, at 2). In effect, he claims that the PCRA court erred in dismissing his current PCRA petition as untimely because it had committed governmental interference when it "dismiss[ed] his initial [post-conviction] petition as frivolous [without] independently reviewing the issues raised in that petition[,] . . . causing Appellant to now be time[-]barred." (**Id.**) (unnecessary capitalization omitted). Appellant's issue does not merit relief.

> This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

_____

[2] The PCRA court did not order Appellant to file a Rule 1925(b) statement; it filed an opinion on September 2, 2015. **See** Pa.R.A.P. 1925.

Here, the PCRA court found that Appellant's petition was untimely and that he failed to plead and prove any exception to the PCRA time-bar. (*See* PCRA Court Opinion, 9/02/15, at 3). We agree.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. *See id.* at 16 n.2. When a petition is filed outside the one-year time limit, "[p]etitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements." *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without

- 4 -

a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Id.* (citation omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on March 30, 1981, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); former U.S. Sup. Ct. R. 20.1 (petition for writ of *certiorari* must be filed within sixty days of order from which appealing). Therefore, Appellant's current petition, filed on June 21, 2013, is patently untimely and we are precluded from reviewing its merits unless he pleads and proves a timeliness exception to the PCRA time-bar.

Appellant is attempting to claim the applicability of the governmental interference exception.[3] (*See* Appellant's Brief, at 4-5, 8); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i). Specifically, he maintains that he brought a timely *Brady*[4] claim in his first post-conviction petition,[5] but that the court

_____

[3] Appellant also refers to the newly recognized constitutional right exception, (*see* Appellant's Brief, at 4-5); *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii). However, not only has Appellant failed to develop any argument in support of this timeliness exception, he failed to raise it in the PCRA court, and therefore it is waived for our review. (*See* PCRA Petition, 6/21/13, at 3-4); *see also* Pa.R.A.P. 2119(a)-(b).

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

[5] Appellant claims that the Commonwealth committed a *Brady* violation when it failed to disclose that one of its witnesses, Philadelphia Police Detective William Jones, was a convicted felon; and it allowed him to perjure himself by testifying in his official capacity. (*See* Appellant's Brief, at 6-8).

committed governmental interference when it dismissed that petition as frivolous, and every petition thereafter as untimely, without ever fully reviewing the merits of his claim.[6] (**See** Appellant's Brief, at 4-5, 8; **see also** PCRA Petition, 6/21/13, at 4).[7] However, this issue is unavailing because Appellant has failed to plead and prove the applicability of Section 9545(b)(1)(i).

> In order to meet the statutory requirements of the "governmental interference" exception to the PCRA's one year jurisdictional time-bar, Appellant was required to plead and prove that his "failure to raise the claim . . . previously was the result of interference by government officials with the presentation of the claim . . . in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States. . . ." 42 Pa.C.S.[A.] § 9545(b)(1)(i) (emphasis added).

**Commonwealth v. Chester**, 895 A.2d 520, 523 (Pa. 2006) (emphasis omitted).

We first observe that, after "[h]aving reviewed the record of all relevant proceedings to make an independent judgment," this Court

---

[6] Appellant has failed to provide any evidence to support his claim that the court did not conduct a full review of the merits of his first post-conviction petition. (**See** Appellant's Brief, at 9-11).

[7] We note that two previous panels of this Court rejected Appellant's attempts to avail himself of the PCRA's timeliness exceptions in an effort to raise his **Brady** claim. (**See Commonwealth v. Gay**, No. 1857 EDA 2012, unpublished memorandum, at *5-*6 (Pa. Super. filed Dec. 19, 2012) (rejecting Appellant's attempt to claim newly discovered facts exception)); (**Commonwealth v. Gay**, No. 2132 EDA 2008, unpublished memorandum, at *8-*9 (Pa. Super. filed Apr. 15, 2009) (rejecting Appellant's attempt to claim governmental interference and newly discovered facts exceptions)).

affirmed the court's decision to deny Appellant's first post-conviction petition as frivolous. (*Commonwealth v. Gay*, No. 1675 PHL 1984, at *3). "[A] proper court order can[not], in any fashion, be perceived as governmental interference." *Commonwealth v. Howard*, 788 A.2d 351, 354 (Pa. 2002). Therefore, Appellant's attempt to claim the benefit of the governmental interference timeliness exception on the basis of the court's dismissal of his first PCRA fails. *See id.*

We also note that, even if the court's order could form the proper basis of the governmental interference exception, Appellant's claim still would not merit relief. Appellant himself concedes that he raised the underlying *Brady* claim as far back as his first post-conviction petition in 1982. (*See* Appellant's Brief, at 6, 8). Therefore, he cannot, at the same time, maintain his burden of proving that governmental interference rendered him unable to raise the *Brady* allegation in the first place. *See Chester*, *supra* at 523.

Also, it is well-settled that:

[T]here is the requirement that [a petitioner] file[] his claims within 60 days of the date the claim could have been presented. [*See*] 42 Pa.C.S.[A.] § 9545(b)(2). We have established that this 60–day rule requires a petitioner to plead and prove that the information on which his claims are based could not have been obtained earlier despite the exercise of due diligence.

*Commonwealth v. Edmiston*, 65 A.3d 339, 345-46 (Pa. 2013), *cert. denied*, 134 S.Ct. 639 (2013) (case citations omitted).

Here, the court denied Appellant's first petition on May 9, 1984. Appellant has utterly failed to establish why he could not have obtained this

- 7 -

information about the alleged "governmental interference" until over thirty years' later. **See id.** Hence, Appellant violated his duty to exercise due diligence, and he has failed to prove the governmental interference exception to the PCRA's one-year time-bar on this basis as well.[8] **See** 42 Pa.C.S.A. § 9545(b)(2). Accordingly, the PCRA court properly dismissed his petition as untimely. **See Jones**, **supra** at 17. Appellant's claim does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016

---

[8] Even if we were to exercise extreme lenity by considering Appellant's claim as somehow based on the PCRA court's dismissal of his seventh petition on June 25, 2012, Appellant still would have failed to plead and prove that he exercised due diligence where he did not file his eighth PCRA petition within sixty days of this Court affirming that decision. **See** 42 Pa.C.S.A. § 9545(b)(2); **Edmiston**, **supra** at 345-46.