J-S45042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD A. AIELLO, | |
| Appellant | No. 79 WDA 2016 |

Appeal from the PCRA Order December 8, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0007117-2000

BEFORE: OLSON, J., DUBOW, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                                    **FILED JULY 06, 2016**

Appellant, Ronald A. Aiello, appeals *pro se* from the court's order denying his second petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On August 20, 2001, Appellant was convicted of criminal homicide, 18 Pa.C.S.A. § 2501, after a waiver trial. The conviction resulted from Appellant's fatal stabbing of his estranged wife on April 14, 2000. On August 23, 2001, the trial court sentenced Appellant to a term of life imprisonment. This Court affirmed the judgment of sentence on February 27, 2004, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 27, 2004. (*See Commonwealth v. Aiello*, 849 A.2d 601

_____

* Retired Senior Judge assigned to the Superior Court.

(Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 857 A.2d 676 (Pa. 2004)).

On October 5, 2004, Appellant filed his first *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on April 3, 2006. The PCRA court provided Appellant with notice of its intent to dismiss the petition on November 13, 2006. **See** Pa.R.Crim.P. 907(1). On November 21, 2006, counsel filed a supplement to the amended PCRA petition, and the PCRA court denied the petition on January 3, 2007, without addressing the claims raised in the supplementary filing. Appellant timely appealed, and, on December 13, 2007, this Court vacated the PCRA court's order and remanded to allow the court the opportunity to address issues raised by Appellant in the supplementary petition. (**See Commonwealth v. Aiello**, No. 210 WDA 2007, unpublished memorandum, at *7 (Pa. Super. filed Dec. 3, 2007)). On February 27, 2008, the court issued an opinion, but did not enter the order denying PCRA relief until January 5, 2009. On March 3, 2009, due to its failure to file the order earlier, the PCRA court reinstated Appellant's right to appeal *nunc pro tunc*.

On March 6, 2009, Appellant filed a counseled appeal of the PCRA court's January 5, 2009 order denying PCRA relief. On August 20, 2009, this Court affirmed the PCRA court's order, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 10, 2010. (**See**

- 2 -

***Commonwealth v. Aiello***, 984 A.2d 1005 (Pa. Super. 2009) (unpublished

memorandum), *appeal denied*, 990 A.2d 726 (Pa. 2010)).

On May 27, 2015, Appellant filed a *pro se* application for leave to file

original process/petition for redress of grievance, which the court treated as

a PCRA petition. On June 25, 2015, the PCRA court issued a notice of its

intent to dismiss the petition without a hearing. Appellant responded on

October 22, 2015 by filing a motion to withdraw the petition. However, the

court denied the petition on December 8, 2015. Appellant timely appealed.[1]

Appellant raises two issues for this Court's review:

> 1. Can the [PCRA] court of Allegheny County deny
> Appellant[']s fundamental right to petition for redress of
> grievance done pursuant to Article I, Section 20, of the Pa.
> Constitution and the First Amendment of the U.S. Constitution[]
> [w]hen Article I, Section 26 and the First Amendment of the U.S.
> Constitution mandate[] that civil rights of citizens cannot be
> hindered along with Article I, Section 11, as well as the First
> Amendment of the U.S. Constitution mandate[] all courts shall
> remain open[]?
>
> 2. Can Appellant challenge subject-matter jurisdiction along
> with *in personam* jurisdiction by exercising said fundamental
> right after PCRA became final?

(Appellant's Brief, at unnumbered page 8) (quotation marks omitted).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's
> order is whether the determination of the PCRA court is

_____

[1] The PCRA court did not order Appellant to file a statement of errors
complained of on appeal, and the court did not file a Rule 1925(a) opinion.
***See*** Pa.R.A.P. 1925.

supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Before considering Appellant's challenge, we first must determine whether his petition was timely, thus conferring us with jurisdiction to consider his claim on its merits.

It is well-settled that:

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on November 27, 2004, which was ninety days[2] after our Supreme Court denied his petition for allowance of appeal. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. **See** 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on May 27, 2015, is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. **See id.** A PCRA petition invoking one of these statutory exceptions must "be filed within [sixty days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant utterly fails to allege the applicability of a timeliness exception, and he does not provide either pertinent citation to authority or argument regarding the time-bar. (**See** Appellant's Brief, at unnumbered pages 11-16); **see also** Pa.R.A.P. 2119(a)-(b). Instead, his argument

_____

[2] An appellant has ninety days to file a petition for writ of certiorari with the United States Supreme Court from the date of our Supreme Court's decision. **See** U.S. Sup. Ct. R. 13(1).

appears to be that, because he is challenging the subject matter and *in personam* jurisdiction of the trial court, and he is constitutionally entitled to raise any grievances, the PCRA court erred in dismissing his issues as untimely. (**See** Appellant's Brief, at unnumbered pages 9-15).[3] This argument fails because "[t]he timeliness requirements of the PCRA do not vary based on the nature of the constitutional violations alleged therein." ***Commonwealth v. Howard***, 788 A.2d 351, 356 (Pa. 2002) (citation omitted); ***see also Jones***, ***supra*** at 17 ("The [PCRA's] timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.") (citation omitted).

Accordingly, because Appellant utterly fails to plead and prove that his claims fall within a PCRA timeliness exception, he has failed to save his untimely petition for review on the merits. (**See** Appellant's Brief, at

_____

[3] Moreover, to the extent that Appellant attempts to argue that the court erred in treating his request for relief as a PCRA petition, (**see** Appellant's Brief, at 11, 13-14), his argument fails. It is well-settled that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) (citation omitted). Here, in his petition for redress of grievance, Appellant appears to challenge the legality of his sentence on the bases that the statutes under which he was convicted "may or [may] not be Constitutional," and the trial court lacked subject matter jurisdiction to impose a sentence. (Petition for Redress of Grievance, 5/27/15, at 5; ***see id.*** at 6). The PCRA provides a remedy for legality of sentence challenges. **See** 42 Pa.C.S.A. § 9542. Therefore, the court properly treated Appellant's request for relief as a PCRA petition.

unnumbered pages 11-16).  Hence, the PCRA court did not err in denying his petition.[4]  ***See Jones***, ***supra*** at 17; ***Carter***, ***supra*** at 682.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

_____

[4] Although our reasoning may differ slightly with that of the PCRA court, (***see*** Notice of Intention to Dismiss, 6/25/15, at 1), we observe that "[t]his Court is not bound by the rationale of the [PCRA] court, and we may affirm the [PCRA] court on any basis."  ***Commonwealth v. Williams***, 73 A.3d 609, 617 n.4 (Pa. Super. 2013), *appeal denied*, 87 A.3d 320 (Pa. 2014) (citation omitted).