J-S34026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY ROUSE | |
| Appellant | No. 1735 WDA 2017 |

Appeal from the PCRA Order entered October 6, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0004190-2009

BEFORE:   BOWES, STABILE, AND STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:                    FILED AUGUST 21, 2018

Appellant, Ricky Rouse, appeals from an order dismissing his third petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

In the afternoon of February 24, 2009, Antoine Cooper ("the victim") was shot and killed in Northview Heights, a neighborhood in Pittsburgh. Appellant was seen leaving the crime scene in a vehicle rented by his co-defendant, Damone Porter.  The Commonwealth alleged that Appellant fired the fatal bullet in retaliation for an earlier shooting.

Appellant and Porter were charged with criminal homicide.  In September 2010, a jury found Appellant guilty of first-degree murder[1] and other offenses, and in December 2010, the trial court sentenced him to life

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(a).

imprisonment. Appellant filed a timely direct appeal. On August 6, 2012, this Court affirmed his judgment of sentence, and on February 13, 2013, the Supreme Court denied his petition for allowance of appeal. He did not appeal to the United States Supreme Court.

In 2014, Appellant filed a timely PCRA petition pro se, and the PCRA court appointed counsel to represent him. On October 20, 2014, counsel filed a letter stating that none of the issues in Appellant's petition had merit. On October 22, 2014, the PCRA court directed counsel to review the issues contained in co-defendant Porter's PCRA petition and determine whether Porter's issues applied to Appellant. On January 5, 2015, counsel determined that Porter's PCRA claims did not apply to Appellant. On January 14, 2015, the PCRA court directed Appellant to file a pro se response to counsel's no-merit letters. On March 3, 2015, Appellant submitted a pro se response raising additional claims. On March 11, 2015, the PCRA court issued a notice of intent to dismiss the claims in Appellant's 2014 petition and directed counsel to file a letter addressing Appellant's additional claims. On March 30, 2015, counsel submitted a letter stating that Appellant's additional claims had no merit. On April 8, 2015, the PCRA court dismissed Appellant's PCRA petition without a hearing and granted counsel leave to withdraw. Appellant filed a timely notice of appeal to this Court, and on September 19, 2016, this Court affirmed. Commonwealth v. Rouse, 682 WDA 2015 (Pa. Super., Sep. 19, 2016). On March 29, 2017, the Supreme Court denied Appellant's petition for allowance of appeal. Appellant did not appeal to the United States Supreme Court.

On March 9, 2015, while Appellant's appeal at 682 WDA 2016 was pending in this Court, Appellant filed a second pro se PCRA petition arguing that Miller v. Alabama, 567 U.S. 460 (2012), applied to him. On March 16, 2016, the PCRA court issued a notice of intent to dismiss this petition. On May 16, 2016, Appellant filed a supplemental PCRA Petition arguing that Miller applied to him. On May 19, 2016, the PCRA court ruled that it would not act on Appellant's second PCRA petition until the conclusion of appellate proceedings in his first PCRA petition.

On April 19, 2017, Appellant filed a third pro se PCRA petition. Appellant claimed that he had recently learned that Porter had been willing to exonerate him during trial, but Porter's counsel prevented Porter from testifying. Attached to Appellant's petition was a December 8, 2016 affidavit from Porter indicating that Appellant did not shoot the decedent and had nothing to do with his death. Appellant also alleged his prior PCRA counsel was ineffective for failing to interview Porter in 2014-15, because counsel would have learned during the interview that Porter had been willing to exonerate Appellant.

On June 6, 2017, Appellant moved to dismiss his second PCRA petition for lack of merit. On June 7, 2017, the PCRA court dismissed this petition.

On June 17, 2017, Appellant filed an amendment to his third PCRA petition. On June 28, 2017, the Commonwealth filed an answer to the amended third petition. The PCRA court issued an order that it was contemplating dismissal of the third amended petition and provided Appellant

an opportunity to respond.  On August 31, 2017, the PCRA court issued a notice of intent to dismiss the amended third petition.  On October 6, 2017, the PCRA court dismissed the amended third petition.  On November 13, 2017, Appellant appealed the order of dismissal to this Court, the appeal presently before us.[2]

Appellant raises two issues in this appeal:

1.    Whether the PCRA Court erred by denying Appellant's subsequent PCRA petition that included a properly layered claim of ineffective assistance of PCRA/trial Counsel?

2.    Whether the PCRA Court erred by denying Appellant's subsequent PCRA Petition alleging newly-discovered evidence without an evidentiary hearing, where Appellant has met the "prima facie" [test] needed to be granted an evidentiary hearing, with the claim of ineffective assistance of trial counsel in conjunction with the claim of newly-discovered evidence?

Appellant's Brief at 4.  Appellant claims that (1) Porter would have exonerated Appellant had Porter testified during trial; (2) Porter's attorney prevented him

_____

[2] Both the PCRA court and the Commonwealth claim that this appeal is untimely because Appellant filed it more than thirty days after entry of the October 6, 2017 order of dismissal.  The exhibits attached to Appellant's reply brief demonstrate that the Clerk of the Court of Common Pleas of Allegheny County did not mail the order of dismissal to Appellant until October 17, 2017, and the order was not delivered to Appellant's correctional facility until October 19, 2017.  We view this delay as a breakdown in the operations of the court, because it prevented Appellant from receiving the order for almost half of the appeal period.  Commonwealth v. Coolbaugh, 770 A.2d 788, 791 (Pa. Super. 2001) (appellant may file appeal nunc pro tunc when delay was caused by breakdown in operation of trial court).  Accordingly, we deem Appellant's appeal period to have begun on the date he received the order, October 19, 2017, and we will treat his appeal as filed within thirty days after commencement of the appeal period.

from testifying; and (3) Appellant's PCRA attorney during 2014-15 was ineffective for failing to interview Porter, because counsel would have learned during the interview that Porter's attorney prevented Porter from testifying.

Appellant's claim is untimely. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). The timeliness requirement of Section 9545(b)(1) is jurisdictional; we cannot address the merits of an

untimely petition. Commonwealth v. Abu Jamal, 941 A.2d 1263, 1267–68 (Pa. 2008).

Here, Appellant's judgment of sentence became final on May 14, 2013, ninety days after our Supreme Court denied his petition for allowance of appeal in his direct appeal. 42 Pa.C.S.A. § 9545(b)(3). Appellant filed his present petition on April 19, 2017, almost four years after his judgment of sentence became final. Thus, it is untimely on its face.

Appellant's petition fails to satisfy any of the three exceptions to the PCRA's timeliness requirements in 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Appellant attempts to invoke the newly-discovered facts exception, which required him to prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court has held, however, that petitioners cannot satisfy the newly-discovered facts exception by alleging ineffectiveness of PCRA counsel. In Commonwealth v. Gamboa–Taylor, 753 A.2d 780 (Pa. 2000),

> the defendant in a capital case instructed his trial counsel not to defend against the charges and not to present mitigating evidence at the penalty stage, but later claimed that his counsel was ineffective for failing to override the defendant's decisions. The PCRA court concluded that counsel was not ineffective. The defendant subsequently filed a second PCRA petition, in which he alleged that his first PCRA counsel was ineffective. After the PCRA court dismissed the second petition as untimely, this Court affirmed, noting that the defendant's "attempt to interweave concepts" of ineffective assistance and newly-discovered facts was insufficient to establish jurisdiction . . . This Court explained that "a conclusion that previous counsel was ineffective is not a newly

- 6 -

discovered 'fact' entitling Appellant to the benefit of the exception for [newly-discovered facts]. In sum, a conclusion that previous counsel was ineffective is not the type of [newly-discovered fact] encompassed by the exception."

Commonwealth v. Mitchell, 141 A.3d 1277, 1284-85 (Pa. 2016) (citing Gamboa-Taylor, 753 A.2d at 785). Allowing these claims to go forward would "[cause] the timeliness requirements crafted by the legislature [to] effectively be eviscerated by any petitioner who was willing to file serial PCRA petitions alleging ineffective assistance of counsel." Commonwealth v. Howard, 788 A.2d 351, 355 (Pa. 2002) (citing Gamboa–Taylor).

Here, Appellant cannot satisfy the due diligence element of the newly-discovered facts exception. He fails to present a valid reason why he did not procure Porter's affidavit until December 2016, well over three years after his judgment of sentence became final. Perhaps recognizing this fact, he attributes this delay to ineffectiveness of PCRA counsel. Counsel, he says, failed to interview Porter in 2014-15 and thus failed to learn at that time that Porter would have exonerated Appellant during trial had Porter's counsel not prevented him from testifying. Through this argument, Appellant attempts to interweave ineffectiveness and newly-discovered facts concepts, precisely what our Supreme Court refused to permit in Gamboa-Taylor. Permitting such claims would encourage endless series of petitions accusing PCRA counsel of ineffectiveness under the guise of the newly-discovered facts exception. In accordance with Gamboa-Taylor, we hold that PCRA counsel's

alleged ineffectiveness in failing to interview Porter is not a fact encompassed by the newly-discovered facts exception to the PCRA's one-year time bar.

In addition, Appellant's third PCRA petition was untimely because more than sixty days elapsed between the date of Porter's affidavit (December 18, 2016) and the date of Appellant's third PCRA petition (April 19, 2017). 42 Pa.C.S.A. § 9545(b)(2) (petitioner must invoke exception to PCRA's timeliness requirements within sixty days after the claim first could have been presented).

For these reasons, we agree with PCRA court's determination to dismiss as untimely Appellant's third PCRA petition for want of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2018