J-S26030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON ROSS SNYDER | : | |
| | : | |
| Appellant | : | No. 52 MDA 2025 |

Appeal from the PCRA Order Entered December 5, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001511-2017

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED: OCTOBER 17, 2025**

Appellant, Brandon Ross Snyder, appeals *pro se* from the order entered on December 5, 2024, dismissing his fourth petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. § 9541-9546 (PCRA). We affirm.

Previously, we summarized the facts and procedural history of this case as follows.

> On April 3, 2019, a jury convicted Appellant of one count each of aggravated assault - police officer, resisting arrest or other law enforcement, criminal mischief – real or personal property, and two counts each of simple assault and harassment. **See** 18 Pa.C.S.A. §§ 2702(a)(3), 5104, 3304(a)(5), 2701(a)(1), and 2709(a)(1), respectively; **see also Commonwealth v. Snyder**, 2020 WL 1245129, at *1 (Pa. Super. 2020) (non-precedential decision). On May 17, 2019, the trial court sentenced Appellant to an aggregate term of three to six years of imprisonment. **Id.** Appellant filed a timely *pro se* post-sentence motion on May 22, 2019. **Id.** Appellant's "judgment of sentence became an appealable final order following the entry of the trial court's May 24, 2019 order denying his *pro se* post-sentence motion." **Id.** Therefore, Appellant had until June 24, 2019 to file a timely notice

of appeal. *Id.* Instead, Appellant filed a *pro se* PCRA petition three days later, on June 27, 2019. *Id.* "On July 11, 2019, the PCRA court denied Appellant's *pro se* PCRA petition based on its mistaken belief that his *pro se* post-sentence motion was still pending." *Id.* However, on appeal, we noted that Appellant's "*pro se* PCRA petition was, in fact, timely filed after his judgment of sentence became final" and we remanded for "the appointment of counsel and consideration of his PCRA claims." *Id.* The PCRA court appointed counsel and held an evidentiary hearing on November 5, 2020. *See Commonwealth v. Snyder*, 262 A.3d 508, at *3 (Pa. Super. 2021) (non-precedential decision). On December 30, 2020, the PCRA court dismissed Appellant's PCRA petition and Appellant timely appealed. *Id.* at *4. On August 17, 2021, we affirmed the dismissal of Appellant's first PCRA petition and permitted appointed counsel to withdraw. *Id.* at *6. Appellant did not appeal that determination.

On September 7, 2021, Appellant filed a second PCRA petition alleging PCRA counsel provided ineffective assistance of counsel. On January 18, 2022, Appellant filed another PCRA petition "that the PCRA court treated as an amendment to his September 7, 2021 submission." *Commonwealth v. Snyder*, 289 A.3d 60, at *1 (Pa. Super. 2022) (non-precedential decision). "On April 20, 2022, the PCRA court entered an order and opinion dismissing Appellant's January 18, 2022 PCRA petition and finding Appellant had raised claims that were previously litigated in Appellant's first PCRA petition and indicated that this Court had properly allowed prior PCRA counsel to withdraw on collateral appeal." *Id.* at *2. On November 10, 2022, we affirmed the PCRA court's decision on different grounds, recognizing that Appellant's second PCRA petition was untimely and that he did not invoke any of the exceptions to the PCRA's one-year jurisdictional timing requirement. *Id.* at *2-3. Our Supreme Court thereafter denied Appellant's petition for allowance of appeal. *See Commonwealth v. Snyder*, 298 A.3d 380 (Pa. 2023).

On August 16, 2023, Appellant filed his third *pro se* petition for collateral relief, alleging his innocence. On September 25, 2023, after giving requisite notice and a chance to respond under Pa.R.Crim.P. 907, the PCRA court issued an order and opinion dismissing Appellant's petition without an evidentiary hearing. The PCRA court concluded that Appellant's claims were either previously litigated or waived. Appellant filed a timely *pro se*

notice of appeal on October 2, 2023. Ultimately, we dismissed Appellant's third PCRA petition as untimely.

*Commonwealth v. Snyder*, 315 A.3d 81 (Pa. Super. 2024) (cleaned up) (non-precedential decision).

Appellant filed his fourth *pro se* petition for collateral relief on October 23, 2024. On November 6, 2024, the PCRA court issued notice of its intent to dismiss Appellant's petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On December 5, 2024, the PCRA court dismissed Appellant's fourth petition and issued an opinion. Appellant filed a timely *pro se* notice of appeal on January 6, 2025.

Before examining the merits of Appellant's appeal, we note that Appellant's "judgment of sentence became final on June 24, 2019 and Appellant was required to file a timely PCRA petition within one year of that date." *Snyder*, 289 A.3d 60, at *2. As such, Appellant's current PCRA petition, filed on October 23, 2024, is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1) ("Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final."); *see also* 42 Pa.C.S.A. § 9545(b)(3) ("A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review.").

Pennsylvania courts may consider an untimely PCRA petition if the petitioner expressly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability

- 3 -

to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *see also Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). Here, Appellant was required to plead and prove that one of the PCRA's timeliness exceptions applied in order to overcome the PCRA time-bar. To satisfy this obligation, Appellant asserts that he validly invoked the government interference exception found at Section 9545(b)(1)(i) because the courts denied him an evidentiary hearing on his collateral claims. *See* Appellant's Brief at 10. This contention is meritless. As a preliminary matter, the record confirms that Appellant had the opportunity to develop his claims at an evidentiary hearing held within the context of his first PCRA petition. *See Snyder*, 262 A.3d 508, at *3. In addition, Appellant has not explained how the PCRA court erred in refusing to convene an evidentiary hearing at any later stage during the course of his collateral relief litigation. Our Supreme Court has declined to view the issuance of proper court orders as "governmental interference" for purposes of Section 9545(b)(1)(i). *See Commonwealth v. Howard*, 788 A.2d 351, 354 (Pa. 2002). Thus, we affirm the PCRA court's dismissal order because Appellant's fourth petition for collateral relief was patently untimely and he

failed to establish that the filing was subject to an exception found at 42 Pa.C.S.A. § 9545(b)(1).

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2025