J-S61010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN GANTZ | |
| Appellant | No. 1728 WDA 2015 |

Appeal from the PCRA Order October 6, 2015
In the Court of Common Pleas of Warren County
Criminal Division, at No(s): CP-62-CR-0000313-2005

BEFORE: PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:        **FILED SEPTEMBER 28, 2016**

This is a *pro se* appeal from the order dismissing the "Motion for Writ of Habeas Corpus" filed by John Gantz ("Appellant") as an untimely serial petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and partial procedural history have been summarized as follows:

> On August 16, 2005, Appellant pled guilty to theft by unlawful taking in case number 313 of 2005. On September 9, 2005, Appellant was sentenced in that case to, *inter alia*, five years of probation, which was to run consecutive to his sentences in several other cases. Appellant did not file a direct appeal. In 2012, following the appropriate hearings, Appellant pled guilty to violating the terms of his probation. As a result, Appellant's probation was revoked, and he was sentenced to nine months to five years of imprisonment. Again, Appellant did not file a direct appeal.

On October 5, 2012, filed a PCRA petition *pro se*. Counsel was appointed and instructed to file an amended petition. Instead, counsel filed a petition to withdraw and no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 4, 2013, the PCRA court entered orders granting counsel's petition and informing Appellant, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss the PCRA petition without a hearing. Appellant filed objections to the Rule 907 notice, which the PCRA court reviewed and nonetheless dismissed Appellant's PCRA petition by order of March 28, 2013.

**Commonwealth v. Gantz**, 689 WDA 2013, at 1-2 (Pa. Super., filed December 12, 2013) (unpublished memorandum).

Appellant filed a timely appeal to this Court. The panel affirmed the order denying post-conviction relief. In doing so, the panel noted that, absent waiver, Appellant's claims regarding his original 2005 judgment of sentence were untimely and Appellant did not plead and prove an exception to the PCRA's time bar. **See id**., at 4 n.1. Appellant did not file a petition for allowance of appeal.

On July 13, 2015, Appellant filed the petition for writ of habeas corpus at issue. Treating the filing as a second PCRA petition, the PCRA court issued notice of its intent to dismiss the PCRA petition as untimely. Appellant filed a response and a supplemental response. The PCRA court ultimately dismissed Appellant's second PCRA petition. This timely appeal follows.

Initially, we note that it is well settled that the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA. **See generally Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998).

Appellant's claims involve the validity of his 2005 plea and clearly are cognizable under the PCRA. *See*, *e.g.*, *Commonwealth v. Burkett*, 5 A.3d 1260, 1275 (Pa. Super. 2010) (explaining that "PCRA review is limited to defendants who claim they were wrongfully convicted and/or are serving an illegal sentence.") Thus, the PCRA Court properly treated Appellant's petition under the PCRA.[1]

Within his *pro se* brief, Appellant raises eighteen issues regarding the validity of his guilty plea based on his claim that, in the months preceding its entry he had been involuntarily committed and was "severely mentally disabled." Appellant's Brief at 7. Before addressing these claims, however, we must first determine whether the PCRA court correctly concluded that Appellant's second PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and proves an exception to the time for filing the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition

_____

[1] In his motion for writ of habeas corpus, Appellant argued that his request for relief fell outside the parameters of the PCRA. *See* Motion, 7/13/15, at 8-9. It does not.

invoking one of these statutory exceptions must "be filed within sixty days of the date the claims could have been presented." **Hernandez**, 79 A.3d 651-52 (citing 42 Pa.C.S.A. § 9545(b)(2)).

Appellant's judgment of sentence became final on October 10, 2005, when the thirty-day time period for filing an appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant needed to file the petition at issue by October 10, 2006, in order for it to be timely. As Appellant filed the instant petition almost ten years later, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

In his initial response to the PCRA court's Rule 907 notice, Appellant asserted that his "efforts to present his claims in his first PCRA, either through error, slight, intentional malice, <u>OR</u> [sic] through a misapplication of law as applied, presented government interference of those claims." Reply, 8/27/15, at 7. In essence, Appellant asserts that the continued refusal of the trial court to recognize his mental incompetency at the time of entering his plea equated to governmental interference in that the court attempted to conceal the presentation of his claims regarding his mental state.

The PCRA court rejected Appellant's claim, and explained as follows:

> The [c]ourt will address [Appellant's] PCRA time exception claim and incompetency claim together because [Appellant] claims that the Court prevented presentation of the claim to hide the fact that he was incompetent. [Appellant] attempts to characterize his claim as one subject to the 42 Pa.C.S. § 9545(b)(1)(i) time exception,  Although [Appellant] suffered

- 4 -

from mental illness, he was not incompetent because he fully understood his rights. A review of the record refutes [Appellant's] incompetency claim. Mental health documentation shows that [Appellant] was able to understand his rights regardless of the need for inpatient treatment. During [his guilty plea colloquy], [Appellant] was able to list his mental illnesses and various medications he took for treatment. [Appellant] could accurately define the crimes to which he entered guilty pleas. Additionally, [Appellant] was also able to interject regarding one theft charge and explain that he admitted to the conduct but was unsure about the value of the items. During [sentencing], [Appellant] was able to inform trial counsel of a mistake in the pre-sentence report regarding restitution. Furthermore, [Appellant] was able to speak about the concurrent nature of his New York probation revocation sentence and whether a sentence on the instant case would run concurrently or consecutively with the New York sentence. Since there is no evidence that [Appellant] was incompetent, then his related claim regarding the timeliness exception of his Petition must also fail.

PCRA Court Opinion, 10/7/16, at 2.

Our review of the record supports the PCRA court's conclusions. *See Commonwealth v. Howard*, 788 A.2d 351, 354 (Pa. 2002) (rejecting governmental interference claim regarding refusal to grant request of funds to hire an expert regarding his mental health; "[w]e do not see how a proper court order can, in any fashion, be perceived as governmental interference"). Thus, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's serial PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/28/2016