J-S05007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA
                                         :
             v.                              :
                                         :
                                         :
JUANTEZ EDWARD TENNYSON       :
                                         :
          Appellant                 :     No. 405 WDA 2017

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001085-1999

BEFORE: OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                     **FILED APRIL 09, 2018**

Appellant, Juantez Edward Tennyson, appeals *pro se* from an order entered on January 20, 2017 that dismissed, as untimely, his third petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The Commonwealth charged Appellant with criminal homicide at trial court docket 1085-1999 for the January 14, 2000 shooting death of Raymond Terry. During the same incident, Appellant shot and wounded Terry's friend, David Jones. As a result, the Commonwealth filed a separate information at docket 2595-1999, charging Appellant with aggravated assault, firearms not to be carried without a license, and reckless endangerment of another person (REAP). At the conclusion of trial, a jury found Appellant guilty of first-degree murder, as well as the firearms and REAP counts. The jury acquitted Appellant of aggravated assault. On May

_____

* Retired Senior Judge assigned to the Superior Court.

8, 2000, the court imposed a mandatory sentence of life imprisonment without parole for Appellant's first-degree murder conviction. No further penalty was assessed for the remaining convictions. The court denied a post-sentence motion seeking a new trial on November 2, 2000.

After Appellant lodged a timely notice of appeal, this Court affirmed his judgment of sentence in a memorandum opinion dated January 27, 2003. Thereafter, our Supreme Court denied Appellant's petition for allowance of appeal on July 22, 2003.

On September 15, 2003, Appellant filed a timely *pro se* petition pursuant to the PCRA. Appointed counsel subsequently filed an amended petition on April 30, 2004. After an evidentiary hearing on February 1, 2005, the PCRA court denied Appellant's petition on March 1, 2005. This Court affirmed the dismissal of Appellant's petition on December 22, 2006 and our Supreme Court denied further review on October 17, 2008.

Appellant, acting *pro se*, filed his second PCRA petition on May 21, 2012, which the PCRA court dismissed as untimely on May 14, 2014. Appellant filed his current *pro se* petition on March 14, 2016. The petition alleged that the trial court lacked jurisdiction to try Appellant for his offenses and that the Commonwealth violated the compulsory joinder rule. Appellant did not assert an exception to the PCRA's timeliness requirement. After review, the PCRA court dismissed the petition as untimely on January 23, 2017. This appeal followed.

Appellant raises the following issue for our review:

Did the Commonwealth violate Appellant's 5th, 6th, and 14th Amendment rights by separating his charges and not charging them in the same criminal complaint and/or indictment, in violation of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000) and ***Ring v. Arizona***, 536 U.S. 584 (2002) and [the compulsory joinder rule?]

Appellant's Brief at 4 (miscellaneous capitalization omitted).

On appeal from the denial of PCRA relief, this Court decides, "whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012). Here, the PCRA court dismissed Appellant's petition without a hearing on grounds that it was untimely and Appellant failed to invoke any exception to the PCRA's time-bar. Because this appeal raises a question of law, our standard of review is *de novo* and our scope of review plenary. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. 2012).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature[.]" ***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted). No court may address an issue raised in an untimely petition. ***Jones***, 54 A.3d at 17.

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42

Pa.C.S. § 9545(b)(1).[1]  **Jones**, 54 A.3d at 16; 42 Pa.C.S.A. § 9545(b)(1).

"[A] judgment becomes final at the conclusion of direct review, including

discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review."  42 Pa.C.S.A. § 9545(b)(3).

In this case, Appellant's judgment of sentence became final on or

about October 22, 2003, after our Supreme Court denied further direct

review and the time for seeking review before the United States Supreme

Court expired.  **See** U.S. Sup. Ct. Rule 13.  Appellant's current PCRA

---

[1] The three timeliness exceptions under the PCRA are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  "The petitioner bears the burden to plead and prove an applicable statutory exception."  **Commonwealth v. Hudson**, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 2017 WL 3614192 (Pa. Aug. 23, 2017).

petition, filed on March 14, 2016, is patently untimely. Moreover, our review of the record confirms the PCRA court's determination that Appellant neither alleged, nor proved, that any of the three exceptions to the timeliness requirement of the PCRA is satisfied.[2] Thus, the PCRA court did not err in dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2018

_____

[2] Citing 42 Pa.C.S.A. § 9545(b)(1)(i), Appellant makes a passing assertion in his brief to this Court that his failure to raise his claim previously was the result of government interference. *See* Appellant's Brief at 12. Specifically, Appellant seems to suggest that the PCRA court obstructed a merits review of his claim that the court of common pleas lacked jurisdiction to conduct a jury trial in this case. This claim is undeveloped and, therefore, waived. *See* Pa.R.A.P. 2101 (permitting dismissal of claim in cases of substantial nonconformity with appellate rules); Pa.R.A.P. 2119(a) (requiring argument section to include such discussion and citation to authorities as is pertinent). We also note that such a claim is meritless. As we stated above, Appellant carries the burden of pleading and proving an exception to the PCRA's timeliness requirement. Because Appellant failed to discharge that burden, the PCRA court correctly declined to entertain the merits of the instant petition. *See Commonwealth v. Howard*, 788 A.2d 351, 354 (Pa. 2002) ("We do not see how a proper court order can, in any fashion, be perceived as governmental interference.").