**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Davon Renee HAYES, a/k/a Devon Renee Hayes, Petitioner.**

Supreme Court of Pennsylvania.

July 10, 2007.

---

9. Furthermore, with respect to Valley View's assertion that Bedford was permitted to correct a defect while it was not, Valley View fails to recognize that Bedford's request to reopen the record took place *prior* to the Commission's final order and adjudication. Valley View's request in this matter came thirty days *after* the Commission's final adjudica-

tion. While Valley View claims that given the opportunity to cure its deficiencies, it would have met all of the "now-disclosed" requirements, as noted above, Valley View may take the opportunity to reapply to the Commission, without prejudice, for reconsideration of its application.

### ORDER

PER CURIAM.

**AND NOW,** this 10th day of July 2007, the Petition for Allowance of Appeal is GRANTED in part. The Order of the Superior Court is VACATED and the matter is REMANDED for the court to consider the claim, which was raised in his brief below, but not addressed by the panel, of whether petitioner's confession should be suppressed because his waiver of rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was not knowing and voluntary.