J-S34019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVON RENEE HAYES | |
| Appellant | No. 1617 WDA 2017 |

Appeal from the PCRA Order Filed October 2, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos.: CP-02-CR-0014894-2003; CP-02-CR-0001018-2004

BEFORE:  BOWES, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 25, 2018**

Appellant Devon Renee Hayes *pro se* appeals from the October 2, 2017 order of the Court of Common Pleas of Allegheny County, which dismissed as untimely his "Motion for Leave to File Newly Discovered Exculpatory Evidence and Preserve Rights for of (sic) Newly-Discovered and Exculpatory Evidence," which the court treated as a petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-56.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, Appellant was sentenced to life imprisonment in connection with the shooting death of William Anderson during an armed robbery of a store in the East

_____

[*] Retired Senior Judge assigned to the Superior Court.

Liberty neighborhood of Pittsburgh. Following the expiration of the 90-day period within which Appellant could seek *certiorari* to the United States Supreme Court, Appellant's judgment of sentence became final on July 8, 2008.[1] After the denial of his first two PCRA petitions, Appellant filed his third PCRA petition on October 7, 2016, which the PCRA court denied on November 16, 2016. Appellant appealed to this Court. During the pendency of his appeal, Appellant filed with the PCRA court the instant "Motion for Leave to File Newly Discovered Exculpatory Evidence and Preserve Rights for of (sic) Newly-Discovered and Exculpatory Evidence [("Motion")]." Treating it as his fourth petition for collateral relief, the PCRA court dismissed as untimely the motion on October 2, 2017. Appellant *pro se* timely appealed to this Court.

Shortly thereafter, on November 9, 2017, this Court affirmed the denial of Appellant's third PCRA petition. On September 5, 2018, our Supreme Court

---

[1] Appellant filed a direct appeal in this Court asserting that the trial court erred in refusing to suppress statements made during a police interview. We affirmed the judgment of sentence. **Commonwealth v. Hayes**, 918 A.2d 786 (Pa. Super. filed December 21, 2006) (unpublished memorandum). Our Supreme Court granted in part Appellant's petition for allowance of appeal and the case was remanded to this Court to consider Appellant's claim that his confession should have been suppressed because his waiver of rights under **Miranda v. Arizona**, 384 U.S. 436 (1966), was neither knowing nor voluntary. **Commonwealth v. Hayes**, 926 A.2d 925 (Pa. 2007). On remand, we affirmed the judgment of sentence after determining that Appellant's confession was knowingly and voluntarily made. Appellant filed another petition for allowance of appeal, which our Supreme Court denied on April 9, 2008. **Commonwealth v. Hayes**, 943 A.3d 313 (Pa. Super. filed October 30, 2007) (unpublished memorandum), **appeal denied**, 946 A.2d 685 (Pa. 2008).

- 2 -

denied Appellant's petition for allowance of appeal. *Commonwealth v. Hayes*, No. 60 WAL 2018, 2018 WL 4214636 (Pa. 2018).

On appeal,[2] Appellant raises a single issue for our review. He argues that the PCRA court erred in treating the Motion as his fourth PCRA petition. Appellant's Motion, filed while his third PCRA appeal was pending in this Court, constituted an effort by Appellant to preserve a filing date in the trial court so that he could, at a later time, file a petition to raise an issue of after-discovered evidence. In filing the Motion, Appellant sought to toll the 60-day period for raising a claim premised on after-discovered evidence, as required by 42 Pa.C.S.A. § 9545(b)(2). He also correctly recognized that he is barred from filing another PCRA petition while a prior petition is pending on appeal. *See Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000).

At the outset, we note that when Appellant filed the Motion, he did so without identifying any legal authority upon which the Motion was premised. Indeed, even on this appeal, Appellant fails to cite any authority, within or outside of the PCRA, that permits him to toll the 60-day period for raising a claim of after-discovered evidence before filing any such claim. Additionally, our research does not yield any case law, statute or rule that supports the filing of a motion to reserve a filing date for a later pleading on collateral

---

[2] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

review. Thus, given the unorthodox nature of the Motion, we need not decide whether the Motion would qualify as Appellant's fourth PCRA petition or otherwise be subject to the PCRA, as we affirm dismissal of the Motion on its merits. **See Commonwealth v. Lauro**, 819 A.2d 100 (Pa. Super. 2003) (noting that we may affirm a lower court's decision on any basis), **appeal denied**, 830 A.2d 975 (Pa. 2003).

Even assuming that the Motion was Appellant's fourth PCRA petition, it still would have been a nullity under **Lark**. As we recently explained:

> In [**Lark**], our Supreme Court held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Id.** at 588. Our Supreme Court reasoned that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." **Id.** (citation omitted). Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his or her "only option is to raise it within a second PCRA petition within [60] days of the date of the order that finally resolves the [pending] PCRA petition[.]" **Commonwealth v. Steele**, 599 Pa. 341, 961 A.2d 786, 908-809 (2008).

**Commonwealth v. Montgomery**, 181 A.3d 359, 363 (Pa. Super. 2018) (*en banc*).[3] As noted, Appellant's third PCRA petition was pending in this Court

---

[3] The 60-day requirement is limited to exceptions set forth in Section 9545(b)(1) of the PCRA. Claims of ineffective assistance of counsel would not overcome the jurisdictional timeliness requirements of the PCRA. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005); **see also Commonwealth v. Howard**, 788 A.2d 351, 355 (Pa. 2002) ("The timeliness requirements crafted by the legislature would thus effectively be eviscerated by any petitioner who was willing to file serial PCRA petitions alleging ineffective assistance of counsel.") (citations omitted).

when he filed the Motion. Thus, assuming the Motion was his fourth PCRA petition, it was a legal nullity under **Lark**.

Lastly, irrespective of whether the Motion was Appellant's fourth PCRA petition, as mentioned earlier, our Supreme Court on September 5, 2018 denied Appellant's petition for allowance of appeal in connection with his third PCRA petition. As a result, consistent with **Lark**, Appellant has 60 days from the September 5, 2018 denial of his petition for allowance of appeal to assert a timely after-discovered evidence claim. Accordingly, we affirm the PCRA court's dismissal of the Motion.[4]

Appeal affirmed. Application for relief denied.

Judge Strassburger files a concurring memorandum in which Judge Stabile joins.

Judge Bowes files a concurring and dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2018

---

[4] Appellant's October 5, 2018 "Application for Status of Appeal" is denied as moot.

- 5 -