J-S31036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK PINKINS | : | |
| | : | |
| Appellant | : | No. 559 EDA 2021 |

Appeal from the PCRA Order Entered February 16, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003303-2018

BEFORE: STABILE, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED OCTOBER 22, 2021**

Derek Pinkins (Pinkins) appeals *pro se* from the order denying his second petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Delaware County (PCRA court). Pinkins maintains that he is entitled to relief pursuant to the newly recognized Constitutional right announced in ***Commonwealth v. McClelland***, 233 A.3d 717 (Pa. 2020).[1] We affirm.

---

* Retired Senior Judge assigned to the Superior Court.

[1] In ***McClelland***, the Pennsylvania Supreme Court held that hearsay evidence alone is insufficient to establish a *prima facie* case at a preliminary hearing, reaffirming the validity of ***Commonwealth v. Verbonitz***, 581 A.2d 172 (Pa. 1990), and disapproving ***Commonwealth v. Ricker***, 120 A.3d 349 (Pa. Super. 2015). ***See McClelland***, ***supra*** at 736.

We take the following factual and procedural history from our independent review of the record and the trial court's March 23, 2021 opinion.

**I.**

On April 12, 2018, Upper Darby police responded to the victim's residence in response to a 911 call reporting a break-in. Pinkins was there when the police arrived. The victim neither knew him nor gave him permission to enter the apartment. The police arrested and charged Pinkins with burglary, trespass and related offenses.

At the preliminary hearing, the affiant and responding officer, Officer Francis Devine, testified about the April 12, 2018 events. All charges were held over for trial. On September 12, 2018, Pinkins entered a counseled negotiated guilty plea to criminal trespass, loitering and prowling at nighttime and possession of drug paraphernalia[2] in which he admitted, *inter alia*, that he was guilty of committing the crimes to which he was pleading, and that he was waiving his right to pursue anything on appeal other than the jurisdiction of the court, the legality of his sentence and the validity of his plea. (**See** Guilty Plea Statement, 9/12/20, at Paragraphs 21, 23). The same day, pursuant to the terms of the plea, the court sentenced Pinkins to a term of incarceration of not less than four nor more than eight years, plus a

---

[2] 18 Pa.C.S. §§ 3503(a)(1)(ii) and 5506, 35 Pa.C.S. § 780-113(a)(32).

consecutive two years of probation. Pinkins did not file any post-sentence motions or a direct appeal.

On July 12, 2019, Pinkins filed a first *pro se* PCRA petition alleging that his plea counsel rendered ineffective assistance that so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place, and that preliminary hearing counsel was ineffective for failing to object to a lack of testimony from the victim. Appointed PCRA counsel filed a ***Turner***/***Finley***[3] "no merit" letter and the court issued Rule 907 notice of its intent to dismiss the petition without a hearing and granted counsel's request to withdraw. ***See*** Pa.R.Crim.P. 907(1). The PCRA court dismissed the petition on November 26, 2019. Pinkins did not appeal.

On November 30, 2020, Pinkins filed a second *pro se* PCRA petition in which he maintained that the Commonwealth committed governmental interference by relying on hearsay evidence alone at the preliminary hearing in violation of ***McClelland***, and that ***McClelland*** provided him a newly recognized constitutional right exception to the PCRA's timeliness requirements. (***See*** *Pro Se* PCRA Petition, 11/30/20, at 3-4). The court provided Pinkins with Rule 907 notice of its intent to dismiss the petition and on February 17, 2021, it did so. Pinkins timely appealed on March 16, 2021.

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court did not order him to file a Rule 1925(b) statement of errors, but it filed an opinion on March 23, 2021. **See** Pa.R.A.P. 1925.[4]

## II.

Pinkins maintains that the PCRA court erred in denying his petition because the magisterial district judge violated his constitutional rights by binding his case over for trial in reliance only on the preliminary hearing testimony by the affiant police officer in violation of **McClelland**.[5] (**See**

_____

[4] Pinkins' brief includes documents he identifies as a "statement of matters (*sic*) complained of on appeal" and a "trial court opinion." (**See** Pinkins' Brief, at 12-14) (pagination provided). The PCRA court did not order a Rule 1925(b) statement so Pinkins was not required to attach one to his brief. **See** Pa.R.A.P. 2111(a)(11). Moreover, the purported statement was not filed in the PCRA court so we are precluded from considering it. **See Commonwealth v. McBride**, 957 A.2d 952, 957-58 (Pa. Super. 2008) ("It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case; therefore[,] [m]aterials that have only been included in briefs, but are not part of the record cannot be considered.") (citation omitted). Furthermore, the alleged "trial court opinion" is not actually an opinion at all, but merely appears to repeat Pinkins' argument that his due process rights were violated at the preliminary hearing because the victim did not testify. (**See** Pinkins' Brief, at 13-14) (pagination provided). This does not satisfy the requirement that he attach to his brief any "opinions delivered by any trial court … relating to the order or other determination under review, if pertinent to the questions involved." **See** Pa.R.A.P. 2111(b).

[5] Pinkins also asserts his counsel was ineffective for asking him if he wanted to waive his preliminary hearing, failing to question where the victim was, and not trying to get his charges dropped. (**See** Pinkins' Brief, at 10-11) (pagination provided). He failed to raise any ineffectiveness claim in his November 30, 2020 PCRA petition and, thus, it is waived for our review. **See** Pa.R.A.P. 302(a). Moreover, as explained above, the petition is untimely. Therefore, even if not waived for failing to raise it in his PCRA petition, he would not be entitled to relief because an ineffective assistance claim will not satisfy a timeliness exception. **See Commonwealth v. Wharton**, 886 A.2d

*(Footnote Continued Next Page)*

- 4 -

Pinkins' Brief, at 6, 10) (pagination provided).[6]  He maintains that the officer's

testimony was hearsay which, based on **McClelland**, could not alone establish

the Commonwealth's *prima facie* case and denied him his constitutional right

to due process because he was unable to confront the victim.  (**See id.** at 7,

11).

Before we reach the merits of Pinkins' appeal, we must consider whether

the PCRA court properly found that his PCRA petition was untimely.  "It is well-

settled that the PCRA's time restrictions are jurisdictional in nature.  As such,

this statutory time-bar implicates the [C]ourt's very power to adjudicate a

controversy and prohibits a court from extending filing periods except as the

statute permits."  **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa.

_____

1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective
assistance of counsel will not overcome the jurisdictional timeliness
requirements of the PCRA.") (citation omitted).  Finally, this claim would lack
merit where Pinkins fails to provide any argument in support of this issue, let
alone the three prongs necessary for an ineffectiveness claim. (**See** Pinkins'
Brief, at 1-15) (pagination provided); *see also*, *e.g.*, **Commonwealth v.
Sandusky**, 203 A.3d 1033, 1084-85 (Pa. Super. 2019), *appeal denied*, 216
A.3d 1029 (Pa. 2019) (claim of ineffectiveness for advising appellant to waive
preliminary hearing lacked merit where he failed to establish three prongs of
ineffectiveness test).

[6] "In reviewing a denial of PCRA relief, our standard of review is limited to
whether the record supports the PCRA court's determination and whether its
decision is free of legal error.  With respect to the PCRA court's legal
conclusions, we apply a de novo standard of review." **Commonwealth v.
Lopez**, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).  "The PCRA court's
findings and the evidence of record are viewed in the light most favorable to
the Commonwealth as the winner before the PCRA court." **Id.** (citation
omitted).

2016) (citations omitted). "The timeliness requirements of the PCRA do not vary based on the nature of the constitutional violations alleged therein.... To the contrary, ... the PCRA's timeliness requirements ... are intended to apply to all PCRA petitions, regardless of the nature of the individual claims raised therein." ***Commonwealth v. Howard***, 788 A.2d 351, 356 (Pa. Super. 2002) (citation and internal quotation marks omitted). Under the PCRA, any petition for relief must be filed within one year of the date on which the judgment of sentence becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Robinson***, ***supra*** at 185 (internal quotation marks and citation omitted).

Here, Pinkins' judgment of sentence became final on October 12, 2018, when the 30-day period to file an appeal of his judgment of sentence expired. ***See*** 42 Pa.C.S. § 9545(b)(3). As a result, he had until October 12, 2019, to file a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). Because Pinkins filed the instant petition over a year later, on November 30, 2020, it was untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See***

42 Pa.C.S. § 9545(b)(1)(i)-(iii);[7] **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) ( "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed ... because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted).

Although Pinkins does not expressly plead the newly recognized constitutional right exception, he again relies on the rule announced in **McClelland** as he did in his PCRA petition. (**See** Pinkins' Brief, at 5-7, 10-11) (pagination provided); (Pinkins' *Pro Se* PCRA Petition, 11/30/20, at 3-4). However, even if we interpret Pinkins' brief as an inartful attempt to plead this timeliness exception, **McClelland** will not afford him any relief.

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania Supreme C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively ... to cases on collateral review.**

---

[7] The three exceptions that allow for review of an untimely PCRA petition are limited to: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

*Commonwealth v. Leggett*, 16 A.3d 1144, 1147 (Pa. Super. 2011) (citation omitted) (emphasis in original); *see also Commonwealth v. Johnson*, 2021 WL 2905766, unpublished memorandum, at *5 (Pa. Super. filed July 8, 2021) ("Pennsylvania jurisprudence contains a strong presumption against the retroactive application of newly recognized constitutional rights to criminal defendants.").[8]

Pinkins fails to acknowledge the untimeliness of his petition, let alone argue that the Pennsylvania Supreme Court has held that the constitutional right recognized in *McClelland* applies retroactively, and our independent review confirms that it has not done so. (*See* Pinkins' Brief, at 1-15) (pagination provided). Accordingly, Pinkins has failed to plead and prove the newly recognized constitutional right exception to the PCRA's timeliness requirements, and the PCRA court properly dismissed his untimely petition where it lacked jurisdiction to consider its merits. *See Lopez*, *supra* at 998; *Jackson*, *supra* at 519; *Leggett*, *supra* at 1147.

Moreover, we briefly note that under the circumstances presented here, even if the right recognized in *McClelland* had been held to apply retroactively and satisfied the newly recognized constitutional right exception, Pinkins would not be entitled to relief.

---

[8] "Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value." PA ST SUPER CT IOP § 65.37.

It is well-settled that the purpose of a preliminary hearing is not to prove guilt but instead "is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime." *Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa. Super. 1991), *appeal quashed*, 617 A.2d 1263 (Pa. 1992) (citation omitted). "Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed[.]" *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018) (internal quotation marks and citation omitted); *see Johnson*, *supra* at *5 (holding that "entry of a guilty plea cured any defect that occurred at the preliminary hearing [and,] by entering a guilty plea, [defendant] limited his bases for appeal.") (citation omitted).

In the instant case, it is undisputed that Pinkins entered a counseled negotiated guilty plea in which he admitted that he was guilty of committing the crimes to which he was pleading and that he was waiving his right to pursue anything on appeal other than the jurisdiction of the court, the legality of his sentence and the validity of his plea. (*See* Guilty Plea Statement, 9/12/20, at Paragraphs 21, 23).

Hence, even if *McClelland* satisfied the newly recognized constitutional right timeliness exception under the PCRA, Pinkins would not be entitled to

relief because his guilty plea cured any alleged preliminary hearing defects and he would be precluded from claiming that they allegedly violated his constitutional rights. **See Jabbie**, **supra** at 505; **see also Johnson**, **supra** at *5.[9]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2021

---

[9] The Commonwealth contends that, in any event, its *prima facie* case complied with **McClelland** because Officer Devine testified to his own observations perceived during his investigation of the incident, which was not hearsay. (**See** Commonwealth's Brief, at 10-11).